UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

TREVOR MILLER, *individually and on behalf of all others similarly situated*,

       Plaintiff,

 -against-          5:21-CV-1073 (LEK/TWD)

SYRACUSE UNIVERSITY,

       Defendant.

## **MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

  Plaintiff Trevor Miller, on behalf of himself and others similarly situated, commenced this class action against Defendant Syracuse University, on September 2, 2021, in the New York Supreme Court, County of Onondaga. Dkt. No. 2 ("Complaint"). On September 9, 2021, Plaintiff served Defendant with copies of the Summons and Complaint via process server. <u>See</u> Dkt. No. 1 ("Notice of Removal") ¶ 4. On September 29, 2021, Defendant removed this action to federal court, asserting federal jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), codified in pertinent part at 28 U.S.C. § 1332(d). <u>Id.</u> ¶ 1. To date, Plaintiff has not moved the Court to remand this action back to state court, and has not contested federal jurisdiction under the CAFA. <u>See generally</u> Dkt. No. 16 ("Stipulation and Order to Extend Defendant's Responsive Pleading Deadline"); Dkt. No. 25 ("Plaintiff's Response to Defendant's Motion to Dismiss").

  Now before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 22 ("Notice of Motion"). For the reasons that follow, the Court reserves judgment on the Motion until further notice, and orders Defendant to file a memorandum of law, not to exceed fifteen pages, addressing whether Plaintiff has standing for

each claim he seeks to press in federal court, no later than October 27, 2022. In the same memorandum, Defendant should address whether dismissal or partial remand is warranted if this Court ultimately finds that Plaintiff has standing to pursue some of his claims, but not others, in federal court. If Defendant does not wish to take a definitive position on Plaintiff's standing in this memorandum, then Defendant should brief the Court on whether this burden failure, alone, warrants remand under 28 U.S.C. § 1447(c). Plaintiff may file a response, not to exceed fifteen pages, within fourteen days of Defendant's filing of the memorandum. Defendant may file a reply, not to exceed seven pages, within seven days of Plaintiff's response.

## II.    BACKGROUND

In the Complaint, Plaintiff brings several state-law claims "against Defendant . . . as a result of Defendant's failure to safeguard and protect the confidential information of [Plaintiff] and the other members of the Class." Compl. ¶ 1. "The Class is defined as: All persons whose Sensitive Information, provided to Defendant as part of their application to or enrollment at Syracuse University, was exposed to unauthorized access by way of the data breach of Defendant's computer system on or about September 24, 2020." Id. ¶ 43.[1]

On February 3, 2022, Defendant moved this Court to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted under Rule 12(b)(6). See Notice Mot. In its opening memorandum of law in support of the Motion, Defendant claims it "is not challenging Plaintiff's Article III standing; it is challenging whether Plaintiff has sufficiently alleged cognizable injury as an element of his causes of action." Dkt. No. 22-1 ("Defendant's

---

[1] In his Complaint, Plaintiff defines "Sensitive Information" as "the confidential information of Plaintiff and the other members of the Class—including Social Security Numbers and personal information that can be used to perpetrate identity theft—in Defendant's custody, control, and care." Compl. ¶ 1.

Memorandum of Law in Support of the Motion") at 7. But in its Reply, Defendant appears to suggest that Plaintiff's claims should be dismissed for lack of standing. See Dkt. No. 26 ("Defendant's Reply") at 2–3. For instance, Defendant relies extensively on Storm v. Paytime, Inc., 90 F. Supp. 3d 359, 367–68 (M.D. Pa. 2015). In that case, various plaintiffs brought suit against their employers' payroll provider and sought "to recover damages allegedly sustained after [the] provider was subjected to a cyber-attack in which [their] confidential information was allegedly accessed by a third-party." Id. at 359. The district court in Storm found that the plaintiffs lacked Article III standing and dismissed their suit. Id. at 367–69. After excerpting more than 250 words from the court's opinion in Storm that explained why plaintiffs' claims in that case must be dismissed for lack of standing, Defendant asserts: "This Court should reach the same conclusion and similarly dismiss Plaintiff's claims here." Def.'s Reply at 3. In its Reply, Defendant also points to Cooper v. Bonobos, Inc., No. 21-CV-854, 2022 WL 170622 (S.D.N.Y. Jan. 18, 2022), for the assertion that "courts have consistently 'rejected allegations that diminution in the value of personal information can support [even] standing,'" and likening such allegations to Plaintiff's allegations in the Complaint. Def.'s Reply at 4 (quoting Cooper, 2022 WL 170622, at *5) (alteration in original).

On August 18, 2022, Defendant also filed a Notice of Supplemental Authority "to inform the Court of a recent decision by the U.S. District Court for the Southern District of New York, Aponte v. Northeast Radiology, P.C., No. 21-CV-5883, 2022 WL 1556043 (S.D.N.Y. May 16, 2022)." Dkt. No. 27 ("Notice of Supplemental Authority") at 1. Defendant asserts that the court in Aponte "dismissed the action in its entirety" "'because plaintiffs d[id] not allege that they ha[d] suffered, or w[ould] imminently suffer, an injury-in-fact[.]'" Id. at 2 (quoting Aponte, 2022 WL 1556043, at *5). Defendant acknowledges "the Aponte court dismissed on 12(b)(1) [lack of

3

standing] grounds only and did not reach dismissal under 12(b)(6)." Notice Suppl. Authority at 1 n.1. In conclusion, Defendant argues that "[b]ecause Plaintiff . . . makes substantially similar arguments and [Defendant] has stated substantially similar defenses in this case as plaintiffs and defendants in Aponte," this Court should "consider [Aponte as] supplemental authority in further support of [Defendant's] Motion to Dismiss." Id. at 3.

### III.   LEGAL STANDARD

"Article III, Section 2 of the [United States] Constitution limits the subject-matter jurisdiction of the federal courts to 'Cases' and 'Controversies.'" SM Kids, LLC v. Google LLC, 963 F.3d 206, 211 (2d Cir. 2020) (citing Dhinsa v. Krueger, 917 F.3d 70, 77 (2d Cir. 2019)). "The standing doctrine, which emerges from Article III, is designed 'to ensure that federal courts do not exceed their authority as it has been traditionally understood.'" SM Kids, 963 F.3d at 211 (quoting Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016)). The doctrine imposes three requirements: "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, 578 U.S at 338.

Given that standing is an essential element of federal subject matter jurisdiction, see Lujan v. Defs. of Wildlife, 504 U.S. 555, 559–60 (1992) (standing "is an essential and unchanging part of the case-or-controversy requirement of Article III"), it follows that if "a plaintiff lacks standing to bring suit, a court has no subject matter jurisdiction over the case." In re U.S. Catholic Conf., 885 F.2d 1020, 1023 (2d Cir. 1989). And since a district court must remand a removed action to state court whenever "it appears that the district court lacks subject matter jurisdiction," 28 U.S.C. § 1447(c), it similarly follows that a district court must remand a removed action to state court whenever it finds a plaintiff lacks standing to bring suit. This is true

even when neither party contests Article III standing, since a district court has an obligation to examine its subject matter jurisdiction sua sponte. See United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994) ("The failure of the parties to contest [a] district court's authority to hear a case 'does not act to confer [federal] jurisdiction . . . since a challenge to subject matter jurisdiction cannot be waived . . . .'" (quoting Alliance of Am. Insurers v. Cuomo, 854 F.2d 591, 605 (2d Cir. 1988))). However, the Second Circuit has yet to directly address whether dismissal or partial remand is warranted if a court finds that a plaintiff has standing to pursue some of her claims in federal court, but not others. See Zanotti v. Invention Submission Corp., No. 18-CV-5893, 2020 WL 2857304, at *12 (S.D.N.Y. June 2, 2020) (comparing different approaches "to how a court should dispose of . . . standing-deficient claims" when it "finds that it lacks subject matter jurisdiction over only some, but not all, claims in a case removed from state court").

"A party seeking removal bears the burden of showing that federal jurisdiction is proper." Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d 321, 327 (2d Cir. 2011). After a defendant removes an action to federal court, if that same defendant subsequently "insist[s] that the [c]ourt *lacks* jurisdiction" because the plaintiff lacks Article III standing, "and [the] [p]laintiff concurs[,]" the court may sua sponte remand the action back to state court pursuant to 28 U.S.C. § 1447(c), "because no party [has] shoulder[ed] the burden of proving jurisdiction[.]" Black v. Main St. Acquisition Corp., No. 11-CV-0577, 2013 WL 1295854, at *1 (N.D.N.Y. Mar. 27, 2013) (Kahn, J.) (remanding case after removing defendant filed a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction).² However, there is little guidance from the

---

² Some have described this phenomenon as "fraudulent removal," because filing a Rule 12(b)(1) motion after removal reveals that the defendants "kn[e]w or should [have] know[n] that a federal court would lack subject matter jurisdiction" when they originally removed the case. Zachary D.

5

Second Circuit on how to address a removing defendant who merely casts doubt on a court's jurisdiction without expressly challenging it through a Rule 12(b)(1) motion to dismiss.

## IV.   DISCUSSION

Here, Defendant cannot confer subject matter jurisdiction on this Court simply by refusing to challenge Plaintiff's standing. See CenterMark, 30 F.3d at 301 ("failure . . . to contest . . . subject matter jurisdiction" does "not act to confer jurisdiction"); see also Def.'s Mem. at 7 (Defendant claiming it "is not challenging Plaintiff's Article III standing"). Nor has Defendant remained faithful to its initial claim of "not challenging" Plaintiff's standing. See Def.'s Reply at 2–4; Notice Suppl. Authority. While Defendant has avoided the trap of "fraudulent removal" by declining to challenge Plaintiff's standing directly with a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, see generally supra note 2, Defendant has certainly cast doubt on Plaintiff's standing in its papers. There is a dearth of guidance within the Second Circuit on how to address a removing defendant who casts doubt on a court's jurisdiction without explicitly challenging it, so the Court must look beyond the Circuit for guidance.

Barnes v. ARYZTA, LLC, 288 F. Supp. 3d 834 (N.D. Ill. 2017), is instructive. In that case, an employee brought a class action against his employer in state court. Similar to Defendant here, the defendant-employer in Barnes removed the case to federal court "based on jurisdiction accorded by the CAFA." Id. at 836. But unlike Defendant here, the defendant-employer in Barnes expressly "moved to dismiss the complaint for lack of subject matter

---

Clopton & Alexandra D. Lahav, Fraudulent Removal, 135 Harvard L. Rev. F.  87, 92 (2021). District courts routinely remand actions back to state court after a removing defendant moves to dismiss a plaintiff's complaint for lack of Article III standing under Rule 12(b)(1). See, e.g., Katz v. Six Flags Great Adventure, LLC, No. 18-116, 2018 WL 3831337, at *8–9 (D.N.J. Aug. 13, 2018) (remanding case after removing defendant filed motion to dismiss for lack of standing and court agreed that plaintiff lacked Article III standing); May v. Consumer Adjustment Co., No. 14-CV-166, 2017 WL 227964, at *4 (E.D. Mo. Jan. 19, 2017) (same).

jurisdiction based on the argument that [the] [plaintiff-employee] lacked a concrete injury-in-fact sufficient to confer Article III standing [under] Spokeo." Id. Upon realizing its Rule 12(b)(1) motion could result in remand instead of dismissal, the defendant-employer then withdrew the motion, and subsequently argued against remand because the plaintiff-employee's "Article III standing issue ha[d] not been agreed upon and remain[ed] undecided." Id. at 838 (quoting the defendant-employer's response to the plaintiff-employee's motion to remand).

The court in Barnes found this argument unconvincing, precisely because the defendant-employer's "'wait and see' approach [to determining jurisdiction under Article III] negate[d] the basis on which it filed its removal petition" in the first place—that is, its initial position that the federal court had original jurisdiction over the action. Id. Therefore, "[t]he [c]ourt decline[d] to decide whether there [was] Article III standing" and remanded the action to state court because the defendant-employer did "not even attempt . . . to persuade the [c]ourt that federal jurisdiction exists." Id. at 839–40. According to the court in Barnes, "[a]ny doubt regarding jurisdiction should be resolved in favor of the states[,]" and, thus, the doubt that the defendant-employer cast on the plaintiff-employee's Article III standing by filing and then withdrawing its motion supported remand to the state court. Id. at 839 (quoting Mocek v. Allsaints USA Ltd., 220 F.Supp.3d 910, 912–13 (N.D. Ill. 2016)).[3]

---

[3] The court also granted the plaintiff-employee's request for costs and attorney's fees associated with the additional litigation resulting from the removal, implying that the defendant-employer lacked an objectively reasonable basis for seeking removal in the first place. Barnes, 288 F. Supp. 3d at 840 (citing Mocek, 220 F. Supp. 3d at 914 (citing Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."))). In doing so, the Barnes court emphasized that "[i]t was incumbent on [the defendant-employer] . . . to consider the Article III standing issue when it removed the action," 288 F. Supp. 3d at 840 n.3, and appeared to suggest that the defendant-employer had unnecessarily prolonged the proceedings, id. at 840 (citing Mocek, 220 F. Supp. 3d at 914 (criticizing removing defendant for "unnecessarily prolong[ing] the proceedings")).

A few months later, a similar situation arose in Zhirovetskiy v. Zayo Group, LLC, No. 17-CV-5876, 2018 WL 11195494 (N.D. Ill. Mar. 7, 2018). However, unlike in Barnes, the removing defendant in Zhirovetskiy never filed a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), but only moved for dismissal for failure to state a claim under 12(b)(6)—as Defendant has done here. The removing defendant in Zhirovetskiy asserted in its papers arguing in favor of dismissal for failure to state a claim that the "[p]laintiff failed to allege an injury in fact to satisfy [an] element of [his] claim." 2018 WL 11195494, at *2. In response, the plaintiff in Zhirovetskiy filed a motion to remand because the removing defendant had "undermine[d] standing" in its papers. Id. The Zhirovetskiy court "agree[d] . . . that . . . [d]efendant's argument about [the] [p]laintiff failing to allege a cognizable harm [as a part of its Rule 12(b)(6) motion] ultimately undermine[d] the position that there is an injury-in-fact that justifie[d] the removal in the first place." Id. Relying on Barnes, the court remanded the case to state court without analyzing the merits of standing.[4]

Two months later, the court in Dixon v. Washington & Jane Smith Cmty.-Beverly, No. 17-CV-8033, 2018 WL 2445292 (N.D. Ill. May 31, 2018), declined to adopt Zhirovetskiy's burden-failure approach in response to a similar set of facts, and proceeded to address the merits of the standing issue. Id. at *8. In departing from Zhirovertskiy's approach, the court appeared to rely in part on the language of 28 U.S.C. § 1447(c), which requires remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The court reasoned that while this language requires a district court to remand

---

[4] Like the court in Barnes, the Zhirovetskiy court granted the plaintiff's request for costs and attorney's fees incurred by the removal, implying that the defendant lacked an objectively reasonable basis for seeking removal in the first place. 2018 WL 11195494, at *2 (citing Mocek, 220 F. Supp. 3d at 914).

a case once it determines that subject matter jurisdiction is in fact lacking, it does not appear to require remand "simply because the [removing] defendant . . . failed to meet [its] burden with respect to establishing Article III standing." Dixon, 2018 WL 2445292, at *7. The Dixon court also justified its departure from Zhirovetskiy because "there is no presumption against removal in cases that are removed under CAFA." Dixon, 2018 WL 2445292, at *7 (citing Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014) ("[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.")). Accordingly, the Dixon court proceeded to address the merits of the standing issue, despite the removing defendant's burden failure, and ultimately found that the plaintiff had Article III standing. 2018 WL 2445292, at *10.

Unlike any of the three cases mentioned above, Plaintiff here has not yet urged this Court to remand the action in response to Defendant's papers. In Barnes, Zhirovetskiy, and Dixon, because the plaintiffs expressly asked for remand after the removing defendants cast doubt on Article III standing, all parties had an additional opportunity to address standing directly before the courts issued opinions on that question, even if the defendants in those cases ultimately refused to take the opportunity to affirmatively support standing. But here, because Plaintiff has *not* asked for remand in response to Defendant casting doubt on this Court's jurisdiction, neither party has briefed this Court on whether Plaintiff has standing to pursue his claims in federal court. They have simply conceded standing, but that it not enough to establish it.

While the Court could forge ahead and sua sponte resolve the issue of standing before reaching the merits of the pending Motion to Dismiss, without further briefing from the parties, the Court finds that approach unwise. See In re World Trade Ctr. Lower Manhattan Disaster Site Litig., 892 F.3d 108, 111 (2d Cir. 2018) (finding that an issue was ripe for decision only after

supplemental briefing); Robinson v. Wentzell, No. 18-CV-0274, 2019 WL 1207858, at *3 (D. Conn. Mar. 14, 2019) (recounting how the court previously "requested supplemental briefing" on standing). Defendant's papers have clouded the issue of standing by routinely relying on case law concerning Article III standing while simultaneously encouraging dismissal of Plaintiff's claims under Rule 12(b)(6), and then criticizing Plaintiff for allegedly conflating the two issues himself. See Def.'s Reply at 1 ("Plaintiff conflates the standard necessary to satisfy Article III standing and damages needed to state a claim under Rule 12(b)(6). But the two standards are not the same."). Relatedly, neither party has made known its position on whether partial remand or dismissal is appropriate in the event that this Court ultimately finds that Plaintiff lacks standing to pursue some, but not all, of his claims in federal court. Accordingly, these issues related to standing and remand are not ripe for decision until the Court receives further briefing on them from the parties.

## V.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant file a memorandum of law, not to exceed fifteen pages, addressing whether Plaintiff has standing for each claim he seeks to press in federal court, no later than October 27, 2022; and it is further

**ORDERED**, that in the same memorandum, Defendant address whether dismissal or partial remand is warranted if this Court ultimately finds that Plaintiff has standing to pursue some of his claims, but not others, in federal court; and it is further

**ORDERED**, that if Defendant does not wish to take a definitive position on Plaintiff's standing in this memorandum, then Defendant should brief the Court on whether this burden failure, alone, warrants remand under 28 U.S.C. § 1447(c); and it is further

**ORDERED**, that Plaintiff may file a response, not to exceed fifteen pages, within fourteen days of Defendant's filing of the memorandum; and it is further

**ORDERED**, that Defendant may file a reply, not to exceed seven pages, within seven days of Plaintiff's response; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   October 13, 2022
         Albany, New York

LAWRENCE E. KAHN
United States District Judge