## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

**TREVOR MILLER,** individually and on
behalf of all others similarly situated,

        Plaintiff,

v.

**SYRACUSE UNIVERSITY,**

        Defendant.

Case No. 5:21-cv-1073-LEK-TWD

Class Action

## DECLARATION OF TODD S. GARBER IN
## SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR
## <u>PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT</u>

TODD S. GARBER, ESQ., an attorney admitted to the practice of law in the State of New York, affirms the following under penalty of perjury:

1.      I am a founding partner in the law firm of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP ("FBFG"), counsel for Plaintiff in the above-captioned action.  In such capacity, I am familiar with all of the facts and prior proceedings had herein based upon my personal knowledge and my review of the file that is maintained in connection with this matter.

2.      This Affirmation is made in support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement.

3.      Prior to filing the present lawsuit, Plaintiff's counsel conducted a thorough investigation into the merits of the class claims and the likelihood of class certification.

4.      Plaintiff's counsel engaged in extensive motion and discovery practice before settlement. Plaintiff's counsel filed the complaint, survived a motion to dismiss, and engaged in relevant technical discovery to quantify damages to the Class.

5.      The Parties engaged in settlement negotiations and scheduled a session with an experienced mediator, Bennett G. Picker of Stradley Ronon, for July 20, 2023.  The Parties reached a tentative settlement on their own in advance of that date and therefore advised Mr. Picker that they would be canceling the meditation.

6.      The Parties continued negotiation through counsel and came to agree upon the instant settlement terms.  At all times, settlement negotiations were conducted on an arm's-length basis.  The Settlement Agreement was fully executed on December 13, 2023.

7.      The only agreement related to this litigation is the proposed Settlement Agreement, and there are no side agreements regarding attorneys' fees or costs related to this proposed Settlement.

8.      The Parties recognize and acknowledge the benefits of settling this case.  Absent settlement, Plaintiff is confident that he will prevail in certifying the Class of approximately 9,800

individuals.  Likewise, Defendant and its counsel remain confident that they will prevail if the lawsuit is litigated based on a variety of legal and factual defenses to the Claims.  Nonetheless, Plaintiff recognizes that all litigation has risks, that discovery, class certification proceedings, and trial will be time consuming and expensive for both Parties, and there are potential benefits of early resolution, not the least being that Class Members will receive compensation far sooner.

9.      Defendant strongly disputes Plaintiff's claims and, absent settlement, will continue to mount an aggressive litigation defense.

10.     Plaintiff recognizes and acknowledges that litigating this matter would take a considerable amount of time and the uncertain outcome and risks of the litigation, as well as the difficulties and delays inherent in such litigation.  Plaintiff and his counsel, therefore, determined that the Settlement agreed to by the Parties is fair, reasonable, and adequate, conferring substantial benefits upon the Class, and is in the best interests of Plaintiff and the Class.

11.     Defendant maintains that it has a number of defenses to the claims asserted in this action and denies any and all liability.  Nevertheless, Defendant recognizes the risks and uncertainties inherent in litigation, the significant expense associated with defending class actions, the costs of any appeals, and the disruption to its business operations.  Defendant also recognizes that a trial on class-wide claims would pose litigation risk.  Accordingly, Defendant believes that the settlement set forth in the Settlement Agreement is likewise in its best interests.

12.     Plaintiff's counsel recommends the Settlement Agreement's allocation formula, as the allocation plan is fair and adequate.

13.     Plaintiff worked diligently and extensively with Plaintiff's counsel throughout this litigation, including gathering information pertaining to the factual allegations of the Complaint and other putative Class Members' experiences, responding to attorney inquiries, participating in the

discovery process, and representing the Class's interests in reviewing and approving the Settlement Agreement.

       14.    Class Counsel are highly experienced in the field of class actions and consumer law in particular.

       15.    The lawyers of FBFG have successfully litigated complex class actions in federal and state courts across the country, and have obtained successful results for clients against some of the world's largest corporations.  A sampling of the Firm's more significant cases includes:

- *Hamlen v. Gateway Energy Services, Corp.*, No. 18-10244 (S.D.N.Y).  Nationwide class action alleging that Gateway overcharged consumers for gas and electric supply.   On September 18, 2019, the Court certified the class, appointed the lawyers of FBFG as co-lead class counsel, and approved the settlement valued at over $9 million.

- *McLauglin v. IDT Energy* No. 14-4107 (E.D.N.Y.). Nationwide class action alleging that IDT overcharged consumers for gas and electric supply.   On October 18, 2018, the Court certified the class, appointed the lawyers of FBFG as co-lead class counsel, and approved the settlement valued at over $54 million.

- *Edwards v. North American Power & Gas, LLC*, No. 14-1714 (D. Conn.).  Nationwide class action alleging that North American Power charged electricity and gas rates far in excess of what it promised to charge variable rate customers.   On August 2, 2018, the Court certified the class, appointed the lawyers of FBFG as co-lead class counsel, and approved the settlement valued at over $19 million.

- *Wise v. Energy Plus Holdings, LLC*, No. 11-7345 (S.D.N.Y.).  Nationwide class action alleging that Energy Plus falsely claimed to offer competitive electricity rates when its prices are substantially higher than market rates in violation of New York Gen. Bus. L. § 349 and other consumer protection laws.  On September 17, 2013, the Court certified the class, appointed the lawyers of FBFG as lead class counsel, and approved the settlement valued at over $11 million.

- *Chen v. Hiko Energy, LLC*, No. 14-1771 (S.D.N.Y.).  Multistate class action alleging that Hiko falsely claimed to offer competitive electricity rates when its prices are substantially higher than market rates in violation of New York Gen. Bus. L. § 349 and other consumer protection laws.  On May 9, 2016, the Court certified the class, appointed the lawyers of FBFG as class counsel, and approved the settlement valued at over $10 million.

- *Saint Joseph Health System Medical Information Cases*, JCCP No. 4716 (Cal. Sup. Ct.).  Complex class action on behalf of approximately 31,800 patients who were victimized by a data breach.  An FBFG lawyer was appointed co-lead class counsel.  The Court denied Saint Joseph's demurrer and the Court of Appeals upheld that ruling.  The Court certified the class and denied Saint Joseph's summary judgment motion; the Court of Appeals upheld those rulings as well.  On the eve of trial the

parties reached a settlement valued at approximately $39 million and the Court granted final approval of that settlement on February 3, 2016. This settlement provides the more money per capita to individual class members than any other known data breach settlement on record.

- *Castillo v. Seagate Technology LLC*, No. 16-1958 (N.D. Cal.). Class action on behalf of over 12,000 individuals victimized by a data breach. On September 19, 2016, the Court denied Seagate's motion to dismiss in part. The Court appointed an FBFG attorney as co-lead class counsel and, on March 14, 2018, finally approved settlement valued at up to $42 million.

- *Sackin v. Transperfect Global, Inc.*, No. 17-1469 (S.D.N.Y. 2017). Class action on behalf of over 4,000 individuals victimized by a data breach. On June 15, 2017, the Court entirely denied Transperfect's motion to dismiss. On March 13, 2018, the Court appointed FBFG as class counsel and preliminarily approved a settlement valued at over $40 million.

- *Bellino v. JPMorgan Chase Bank, N.A.*, No. 14-3139 (S.D.N.Y.). Statewide class action on behalf of mortgagors alleging Chase's failure to comply with mortgage recording requirements. On November 9, 2017, the Court approved a settlement valued at $10,808,630, certifying the settlement class and appointing FBFG attorneys as class counsel.

- *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, No. 13-3073 (S.D.N.Y.). Class action alleging deceptive labeling in connection with Defendant's Aveeno Naturals brand of personal care products. Plaintiffs defeated Defendant's motions to dismiss and exclude Plaintiffs' expert's report, and obtained class certification and an appointment as Co-Lead Class Counsel. On November 1, 2017, the Court approved a proposed settlement valued at $6.75 million.

- *Adler v. Bank of America, N.A,* No. 13-4866 (S.D.N.Y.). Class action alleging that Bank of America failed to timely present certificates of discharge for mortgages that were satisfied in New York State. On July 20, 2016, the Court certified the class, appointed the lawyers of FBFG as class counsel, and approved the settlement valued at over $7 million.

- *In re Michaels Stores, Inc. Zip Code Litigation*, No. 11-10920 (D. Mass.). State-wide class action alleging that Michaels Stores unlawfully collected consumers' private information. After securing a groundbreaking decision by the Massachusetts Supreme Judicial Court, establishing that consumers whose privacy has been violated may bring consumer protection claims against companies that unlawfully collect personal identification information, the lawyers of FBFG were appointed as co-lead class counsel and negotiated a class-wide settlement, which the Court approved.

- *Reed v. Friendly's Ice Cream, LLC*, No. 15-0298 (M.D. Pa.). Nationwide class and collective minimum wage and overtime claim on behalf of approximately 10,000 servers. On January 31, 2017, the Court certified the class, appointed an FBFG lawyer as co-lead class counsel, and approved the settlement valued at over $4.6 million.

- *Quinn v. Walgreen*, No. 12-8187 (S.D.N.Y.). Nationwide settlement valued at $2.8 million to resolve Plaintiffs' claim that Defendant's glucosamine products did not perform as represented. On March 24, 2015, the Court certified the class, appointed

FBFG lawyers as Co-Lead Class Counsel and approved a nationwide $2.8 million settlement.

- *Al Fata v. Pizza Hut of America, Inc.*, No. 14-376 (M.D. Fla.).  Statewide minimum wage claim on behalf of approximately 2,000 Pizza Hut delivery drivers.  On June 21, 2017, the Court certified the class and approved a settlement valued at $3.1 million that provided the then-highest per-person recovery in any delivery driver under-reimbursement class action.

16.     FBFG is also counsel of record in numerous class actions throughout the country, including cases pending in United States District Courts in New York, California, Massachusetts, Nevada, New Jersey, Maryland, New Mexico, Colorado, Arkansas, and Pennsylvania, as well as actions pending in the state courts of New York, California, Nebraska, and New Jersey.

17.     FBFG also has an accomplished and successful appellate practice, having obtained numerous groundbreaking decisions from federal and state appellate courts.  Examples include: *In Re Zappos.Com, Inc., Customer Data Security Breach Litigation*, No. 16-16860, 2018 WL 1189643 (9th Cir. Mar. 8, 2018) (reversing dismissal by district court and holding that consumers whose personal identification information was stolen in a data breach have Article III standing); *Zahn v. N. Am. Power & Gas, LLC*, 2016 IL 120526, 72 N.E.3d 333 reh'g denied (Jan. 23, 2017) (on certified question from the 7th Circuit, holding that the Illinois Commerce Commission does not have exclusive jurisdiction to hear consumer claims against alternative retail electricity suppliers); *Zahn v. N. Am. Power & Gas, LLC*, 847 F.3d 875 (7th Cir. 2017) (reversing dismissal of consumer's putative class action seeking redress for excessive electricity charges by alternative retail electricity supplier); *John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 738 (2d Cir. 2017) (reversing dismissal of consumer's putative class action seeking redress for Whole Foods' alleged practice of representing the weight of prepackaged foods); *Tyler v. Michaels Stores, Inc.*, 464 Mass. 492, 984 N.E.2d 737 (2013) (on certified question from U.S. District Court for Massachusetts, finding that the collection of ZIP codes from consumers using credit cards violates Massachusetts consumer protection law).

18.     Keller Postman LLC is a national plaintiffs' law firm representing a broad array of clients in class and mass actions, individual arbitrations, and multidistrict litigation matters at the trial and appellate levels across federal and state courts.   Serving hundreds of thousands of clients in litigation and arbitration, it has prosecuted high-profile antitrust, employment, privacy, consumer-rights, and product liability cases (involving medical devices, pharmaceutical products, and a wide variety of other consumer products).   KP also acts as plaintiffs' counsel in high-stakes public-enforcement actions.

19.     KP's Data Breach Practice currently represents several certified and putative classes of individuals whose information has been compromised through one or more data breaches.

20.     KP has significant class action and multidistrict litigation experience.   Notable examples of this experience include:

- *West et al v. Amazon.com Inc.*, Case No. 2:21-cv-00694, United States District Court for the Western District of Washington

- *C.O., a minor, v. Amazon.com Inc. et al*, Case No. 2:19-cv-00910, United States District court for the Western District of Washington

- *Fishon et al v. Peloton Interactive, Inc.*, Case No. 1:19-cv-11711, United States District Court for the Southern District of New York

- *Olivia Van Iderstine et al v. Live Nation Entertainment, Inc. et al*, Case No. 2:20-cv-03888, United States District Court for the Central District of California

- *TopDevs, LLC et al v. LinkedIn Corporation*, Case No. 5:20-cv-08324, U.S. District for the Northern District of California

- *The State of Texas et al v. Google, LLC*, Case No. 4:20-cv-00957, U.S. District Court for the Eastern District of Texas

- *Richard A. Ross and Fieldstone Ventures, LLC v. EQT Corporation et al.,* No. GD-21-011948, Fifth Judicial District of Pennsylvania, County of Allegheny

- *Hestrup & Peiss v. DuPage Medical Group. Ltd. d/b/a DuPage Medical Group,* Case No. 2021L000937, 18th Judicial Court, DuPage County

- *Alexander v. Otis Bowen*, Case No. No. 43D04-2104-CT-000019, Kosciusko Superior Court 4

- *Gilbert v. AFTRA Retirement Fund et al*, Case No. 1:20-cv-10834-ALC, U.S. District Court for the Southern District of New York

- *Hackerott v. Central Kansas Orthopedic Group, Inc., et al*, Case No. 2020-cv-000120, District Court of Barton County

- *In re: 3M Combat Arms Earplug Prods. Liab. Litig.*, MDL 2885

- *In re: Zantac (Ranitidine) Prods. Liab. Litig.,* MDL 2924

- *In re: Paragard IUD Prods. Liab. Litig.,* MDL 2974

- *In re: Onglyza (Saxagliptin) and Kombiglyze XR (Saxagliptin and Metformin) Prods. Liab. Litig.*, MDL 2809

## **EXHIBITS**

21.     Attached as Exhibit A is a true and correct copy of the proposed Settlement Agreement with internal Exhibits A-E.

22.     Attached as Exhibit B is a true and correct copy of the proposed Order (contemporaneously attached as internal Exhibit D to the Settlement Agreement).

23.     Attached as Exhibit C is a copy of FBFG's firm resume.

24.     Attached as Exhibit D is a copy of Keller Postman, LLC's firm resume.

Dated: December 14, 2023
      White Plains, New York

                                              */s/ Todd S. Garber*
                                              Todd S. Garber