# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

------------------------------------------------------X

TREVOR MILLER, individually and on behalf of all others similarly situated,

               Plaintiff,

    v.

SYRACUSE UNIVERSITY,

             Defendant.

------------------------------------------------------X

CASE NO. 5:21-CV-01073-LEK-TWD

## SETTLEMENT AGREEMENT

This Settlement Agreement, dated as of this 13th day of December, 2023, is made and entered into by and among the following Settling Parties (as defined below): (i) Trevor Miller ("Plaintiff"), individually and on behalf of the Settlement Class (as defined below), by and through his counsel of record FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP ("Plaintiff's Counsel"); and (ii) Syracuse University ("Defendant" or "Syracuse," and together with Plaintiff, the "Settling Parties"), by and through its counsel of record, BAKER & HOSTETLER LLP.  The Settlement Agreement is subject to Court approval and is intended by the Settling Parties to fully, finally, and forever resolve, discharge, release, and settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof.

## I.    THE LITIGATION

Plaintiff, a former student at Syracuse, alleges that between September 24 and September 28, 2020, Syracuse experienced a "phishing" attempt whereby unauthorized user(s) were able to gain access to a Syracuse employee's e-mail account and thereby access personal information of certain individuals (the "Data Incident").  [Compl., ¶¶ 1 & 3.]  Plaintiff further alleges that the

personal information allegedly impacted in the Data Incident included Social Security numbers and other sensitive, personal information. [*Id.* at ¶¶ 1, 19.] Plaintiff further alleges that he received notice of the Data Incident from Syracuse on or about February 4, 2021. [*Id.* at ¶ 29.] Following this notification, and after Plaintiff claims he learned of an unauthorized charge on his bank checking account, Plaintiff filed this lawsuit asserting various claims against Syracuse relating to the Data Incident as defined below (the "Litigation"). The Litigation was instituted by the filing of a Class Action Complaint (the "Complaint") in Onondaga County, New York with Index No. 007718/2021 and was subsequently removed to the United States District Court for the Northern District of New York, Case No. 5:21-cv-01073-LEK-TWD, where the Litigation is currently pending.

Pursuant to the terms set out below, this Settlement Agreement provides for the resolution of all claims and causes of action asserted, or that could have been asserted, against Syracuse and the Released Persons (as defined below) relating to the Data Incident, by and on behalf of Plaintiff and Settlement Class Members (as defined below), and any other such actions by and on behalf of any other individuals originating, or that may originate, in jurisdictions in the United States of America ("United States," as defined below) against Syracuse and the Released Persons relating to the Data Incident.

## II.    CLAIMS OF PLAINTIFF AND BENEFITS OF SETTLING

Plaintiff believes that the claims asserted in the Litigation, as set forth in the Complaint, have merit. Plaintiff and Class Counsel (as defined below) recognize and acknowledge, however, the expense and length of continued proceedings necessary to prosecute the Litigation against Syracuse through further discovery, motion practice, trial, and potential appeals. They have also considered the uncertain outcome and risk of further litigation, as well as the difficulties and delays

inherent in such litigation.  Class Counsel are highly experienced in class-action litigation and very knowledgeable regarding the relevant claims, remedies, and defenses at issue in data-breach litigation in general and in this Litigation in particular.  They have determined that the settlement set forth in this Settlement Agreement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

## III.    DENIAL OF WRONGDOING AND LIABILITY

Syracuse denies each and all of the claims and contentions alleged against it in the Litigation.  Syracuse denies all allegations of wrongdoing or liability that are alleged, or which could be alleged, in the Litigation.  Nonetheless, Syracuse has concluded that further litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement. Syracuse has considered the uncertainty and risks inherent in any litigation.   Syracuse has, therefore, determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.

## IV.    TERMS OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiff, individually and on behalf of the Settlement Class, Class Counsel, and Syracuse that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice as to the Settling Parties, the Settlement Class, and the Settlement Class Members, except as to those Settlement Class Members who lawfully opt-out of the Settlement Agreement, upon and subject to the terms and conditions of this Settlement Agreement, as follows:

1.      **Definitions**

As used in the Settlement Agreement, the following terms have the meanings specified below:

1.1      "Agreement" or "Settlement Agreement" means this Agreement.

1.2      "Claims Administration" means the processing and payment of claims received from Settlement Class Members by the Claims Administrator (as defined below).

1.3      "Claims Administrator" means Postlethwaite & Netterville, APAC, a company experienced in administering class action claims generally and specifically those of the type provided for and made in data-breach litigation.

1.4      "Claims Deadline" means the postmark and/or online submission deadline for Valid Claims (as defined below) pursuant to ¶ 2.1.3.

1.5      "Claim Form" means the form that the Settlement Class Member must complete and submit on or before the Claims Deadline to be eligible for the benefits described herein.  The Claim Form shall require a sworn signature or electronic verification under penalty of perjury, but shall not require notarization.  The Claim Form will be substantially in a form as shown in the template attached hereto as **Exhibit C** and will be available on both the Settlement Website (as defined below) and in paper format if specifically requested by a Settlement Class Member.

1.6      "Costs of Claims Administration" means all actual costs associated with or arising from Claims Administration.

1.7      "Court" means the United States District Court for the Northern District of New York.

1.8      "Data Incident" means the unauthorized "phishing" e-mail event as alleged in the Complaint, whereby unauthorized user(s) gained access to a Syracuse employee's e-mail account

after the employee clicked on a "phishing" e-mail between September 24, 2020 and September 28, 2020, and that e-mail account contained certain data, including Social Security numbers, driver's license numbers, financial account numbers, and/or health care information of approximately 9,865 individuals.  While Syracuse found no evidence which confirms that any of the information was viewed or misused, Syracuse provided notification of the Data Incident to all potentially impacted individuals.

1.9     "Defendant" means Syracuse University, also referred to as "Defendant" or "Syracuse" throughout.

1.10     "Effective Date" means the first date by which all of the events and conditions specified in ¶ 1.11 herein have occurred and been met.

1.11     "Final" means the occurrence of all of the following events: (i) the settlement pursuant to this Settlement Agreement is finally approved by the Court; (ii) the Court has entered a Judgment (as defined below); and (iii) the time to appeal or seek permission to appeal from the Judgment has expired or, if appealed, the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review. Notwithstanding the above, any order modifying or reversing any attorneys' fee award or service award made in this case shall not affect whether the Judgment is "Final" as defined herein or any other aspect of the Judgment.

1.12     "Judgment" means a judgment rendered by the Court, substantially in the form as shown in **Exhibit E**.

1.13     "Long Notice" means the long form notice of settlement posted on the Settlement Website, substantially in the form as shown in the template attached as **Exhibit B** hereto.

1.14    "Objection Date" means the date by which Settlement Class Members must be filed with the Clerk of the Court for that objection to be timely and effective.

1.15    "Opt-Out Date" means the date by which requests for exclusion from settlement must be postmarked in order to be effective and timely.

1.16    "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

1.17    "Private Information" means, but is not limited to, individual names, Social Security numbers, driver's license numbers, financial account numbers, health care information, and any other types of personally identifiable information collected or maintained by Syracuse leading to notification regarding the Data Incident.

1.18    "Plaintiff" or "Class Representative" means Trevor Miller.

1.19    "Preliminary Approval Order" means the order preliminarily approving the Settlement Agreement and ordering that notice be provided to the Settlement Class, substantially in the form as shown in **Exhibit D** hereto.  The Settling Parties will prepare a mutually agreeable Preliminary Approval Order.

1.20    "Settlement Class Counsel" and/or "Class Counsel" means Todd S. Garber and Andrew C. White of the law firm FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP.

1.21    "Related Parties" means Defendant Syracuse University's respective past or present subsidiaries, divisions, and related or affiliated entities, and each of Defendant's and their

respective predecessors, successors, trustees, directors, officers, employees, principals, agents, attorneys, insurers, and reinsurers, and includes, without limitation, any Person related to any such entity who is, was or could have been named as a defendant in this Litigation, other than any Person who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

      1.22   "Released Claims" shall collectively mean any and all past, present, and future claims and causes of action including, but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, including 15 U.S.C. §§ 45 *et seq.*, and all similar statutes in effect; violations of any New York and similar state consumer protection statutes, including, but not limited to, the New York General Business Law; California Consumer Privacy Act and California Unfair Competition Law; negligence; negligence *per se*; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; fraud; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, and/or the appointment of a receiver, whether known or unknown, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, and any other form of legal or equitable relief that either has been asserted, was asserted, or could have been asserted, by any Settlement Class Member against any

of the Released Persons based on, relating to, concerning or arising out of the Data Incident. Released Claims shall not include the right of any Settlement Class Member, Class Counsel, or any of the Released Persons to enforce the terms of the settlement contained in this Settlement Agreement, and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

1.23    "Released Persons" means Defendant and the Related Parties.

1.24    "Settlement Claim" means a claim for settlement benefits made under the terms of this Settlement Agreement.

1.25    "Settlement Class" means all persons who were sent written notification by Syracuse that their Private Information was potentially compromised as a result of the Data Incident discovered by Syracuse in September 2020.  The Settlement Class specifically excludes: (i) Syracuse, the Related Parties, and their officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) any judges assigned to this case and their staff and family; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

1.26    "Settlement Class Member(s)" or "Member(s)" means a Person(s) who falls within the definition of the Settlement Class.

1.27    "Settlement Website" means the website described in ¶ 3.2(c).

1.28    "Settling Parties" means, collectively, Syracuse and Plaintiff, individually and on behalf of the Settlement Class.

1.29    "Short Notice" means the content of the mailed notice to the proposed Settlement Class Members, substantially in the form as shown in the template attached as **Exhibit A** hereto.

The Short Notice will direct recipients to the Settlement Website and inform Settlement Class

Members, among other things, of the Claims Deadline, the Opt-Out Date, the Objection Date, the

requested attorneys' fees, and the date of the Final Fairness Hearing (as defined below).

      1.30    "Unknown Claims" means any of the Released Claims that any Settlement Class

Member, including Plaintiff, does not know or suspect to exist in his/her favor at the time of the

release of the Released Persons that, if known by him or her, might have affected his or her

settlement with, and release of, the Released Persons, or might have affected his or her decision

not to object to and/or to participate in this Settlement Agreement.  With respect to any and all

Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, Plaintiff

intends to and expressly shall have, and each of the other Settlement Class Members intend to and

shall be deemed to have, and by operation of the Judgment shall have, waived the provisions,

rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions,

rights, and benefits conferred by any law of any state, province, or territory of the United States

(including, without limitation, California Civil Code §§ 1798.80 *et seq*., Montana Code § 28-1-

1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which is

similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE
> CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO
> EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE
> RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE
> MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE
> DEBTOR OR RELEASED PARTY.

Settlement Class Members, including Plaintiff, may hereafter discover facts in addition to, or

different from, those that they, and any of them, now know or believe to be true with respect to the

subject matter of the Released Claims, but Plaintiff expressly shall have, and each other Settlement

Class Member shall be deemed to have, and by operation of the Judgment shall have, upon the

Effective Date, fully, finally and forever settled and released any and all Released Claims. The Settling Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

1.31 "United States" as used in this Settlement Agreement includes all 50 states, the District of Columbia and all territories.

1.32 "Valid Claims" means settlement claims in an amount approved by the Claims Administrator or found to be valid through the claims processing and/or dispute resolution process described in ¶ 2.4.

## 2.   Settlement Benefits

2.1   Expense Reimbursement.

2.1.1.   *Documented Ordinary Losses.*

a)   *Documented Out-Of-Pocket Expenses.* All Settlement Class Members who submit a Valid Claim using the Claim Form, including necessary supporting documentation, are eligible for reimbursement of the following documented out-of-pocket expenses, not to exceed $1,000 per Settlement Class Member, that were incurred as a result of the Data Incident: (i) unreimbursed bank or credit card fees; (ii) long distance phone charges (only if charged by the minute); (iii) long distance or cell phone charges (only if charged by the minute); (iv) data charges (only if charged based on the amount of data used); (v) postage; and/or (vi) gasoline for local travel purchased by Settlement Class Members between September 20, 2020 and the Claims Deadline. Claims for documented out-of-pocket expenses may be combined with claims for documented fees for credit reports, credit monitoring or other identity theft insurance products purchased

between September 20, 2020 and the Claims Deadline and reimbursement of lost time and are subject to the same $1,000 cap.  To receive reimbursement for documented out-of-pocket expenses, Settlement Class Members must submit a Valid Claim, including documentation supporting their claims, to the Claims Administrator.   To receive reimbursement for documented fees for credit reports, credit monitoring, or other theft insurance products, Settlement Class Members must submit a Valid Claim, including documentation supporting their claims, to the Claims Administrator.

b) *Reimbursement for Attested Lost Time.*  Settlement Class Members are also eligible to receive reimbursement for up to five (5) hours of lost time spent dealing with the Data Incident (calculated at the rate of $20 per hour), but only if at least one (1) full hour was spent dealing with the Data Incident.  Settlement Class Members may receive up to five (5) hours of lost time if the Settlement Class Member (i) attests that any claimed lost time was spent responding to issues raised by the Data Incident; and (ii) provides a checkbox style description, or written description if no checkbox is applicable, of how the claimed lost time was spent related to the Data Incident.   Claims for reimbursement of lost time may be combined with claims for documented out-of-pocket expenses and documented fees for credit reports, credit monitoring, or other identity theft insurance products and are subject to the same $1,000 cap.

c) *$1,000 Cap for all Cumulative Documented Ordinary Loss*.  Reimbursement for all Valid Claims for documented Ordinary Losses may not exceed, cumulatively, $1,000.

2.1.2   *Documented Extraordinary Losses.* Settlement Class Members are also eligible to receive reimbursement for documented Extraordinary Losses, not to exceed $10,000 per Settlement Class Member for documented monetary losses if the loss: (i) is actual, documented,

and unreimbursed; (ii) was more likely than not caused by the Data Incident; (iii) occurred between September 20, 2020 and the Claims Deadline; and (iv) is not already covered by one or more of the above-referenced reimbursable expense categories under documented Ordinary Losses. Settlement Class Members must also have made reasonable efforts to avoid, or seek reimbursement for, such Extraordinary Losses, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance. Settlement Class Members with Extraordinary Losses must submit substantial and plausible documentation supporting their claims. This can include receipts or other documentation not "self-prepared" by the claimant that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement for Extraordinary Losses, but can be considered to add clarity or support other submitted documentation and a description of how the time was spent. Settlement Class Members may only submit one claim for benefits under paragraph ¶ 2.1.2 and the total of all amounts recovered under this paragraph shall not exceed $10,000 per Settlement Class Member.

2.1.3  Settlement Class Members seeking reimbursement under ¶ 2.1 must complete and submit a Claim Form to the Claims Administrator, postmarked or submitted online on or before the 90th day after the deadline for the commencement of notice to Settlement Class Members as set forth in ¶ 3.2(d) (the "Claims Deadline"). The notice to the Settlement Class will specify this deadline and other relevant dates described herein. Failure to provide supporting documentation for Ordinary Losses (other than reimbursement of lost time) and Extraordinary Losses, referenced above, as requested on the Claim Form, shall result in denial of a claim. For the reimbursement of up to five (5) hours of lost time claimed by Settlement Class Members, the Settlement Class

Member must provide an attestation that the time claimed was spent responding to issues raised by the Data Incident and a description of how the time was spent.

2.2     <u>Limitation on Reimbursable Expenses</u>.  Nothing in this Settlement Agreement shall be construed as requiring Syracuse to provide, and Syracuse shall not be required to provide, for a double payment for the same loss or injury that was reimbursed or compensated by any other source.  No payment shall be made for emotional distress, personal/bodily injury, or punitive damages, as all such amounts are not recoverable pursuant to the terms of the Settlement Agreement.

2.3     <u>Information Security Improvements</u>.  Upon request, Syracuse has agreed to provide sufficient documentation to demonstrate that it either has implemented or will implement various security related measures.  Costs associated with these information security improvements will be paid by Syracuse separate and apart from other settlement benefits.  Upon request by Plaintiff's Counsel, Syracuse agrees to provide confirmatory discovery regarding changes and improvements made to protect Settlement Class Members' Private Information.

2.4     <u>Dispute Resolution for Claims</u>.

2.4.1     The Claims Administrator, in its sole discretion to be reasonably exercised, will determine whether: (i) the claimant is a Settlement Class Member; (ii) the claimant has provided all information needed to complete the Claim Form, including any documentation that may be necessary to reasonably support the expenses described in ¶ 2.1; and (iii) the information submitted could lead a reasonable person to conclude that more likely than not the claimant has suffered the claimed losses as a result of the Data Incident.  The Claims Administrator may, at any time, request from the claimant, in writing, additional information as the Claims Administrator may reasonably require in order to evaluate the claim, *e.g.,* documentation requested on the Claim Form, and

required documentation regarding the claimed losses.  The Claims Administrator's initial review will be limited to a determination of whether the claim is complete and plausible.  For any claims that the Claims Administrator determines to be implausible, the Claims Administrator will submit those claims to the Settling Parties (one lawyer shall be designated to fill this role for Class Counsel).  If the Settling Parties do not agree with the claimant's claim, after meeting and conferring, then the claim shall be referred to a claims referee for resolution.  The Settling Parties will mutually agree on the claims referee should one be required.

2.4.2   Upon receipt of an incomplete or unsigned Claim Form or a Claim Form that is not accompanied by sufficient documentation to determine whether the claim is facially valid, the Claims Administrator shall request additional information ("Claim Supplementation") and give the claimant twenty-one (21) days to cure the defect before rejecting the claim.  Requests for Claim Supplementation shall be made within thirty (30) days of receipt of such Claim Form or thirty (30) days from the Effective Date, whichever comes later.  In the event of unusual circumstances interfering with compliance during the twenty-one (21) day period, the claimant may request and, for good cause shown (illness, military service, out of the country, mail failures, lack of cooperation of third parties in possession of required information, etc.), shall be given a reasonable extension of the twenty-one (21) day deadline in which to comply; however, in no event shall the deadline be extended to later than six (6) months from the Effective Date.  If the defect is not timely cured, then the claim will be deemed invalid and there shall be no obligation to pay the claim.

2.4.3   Following receipt of additional information requested by the Claims Administrator, the Claims Administrator shall have ten (10) days to accept, in whole or lesser amount, or reject each claim.  If, after review of the claim and all documentation submitted by the claimant, the

Claims Administrator determines that such a claim is facially valid, then the claim shall be paid. If the Claim Administrator determines that such a claim is not facially valid because the claimant has not provided all information needed to complete the Claim Form and enable the Claim Administrator to evaluate the claim, then the Claim Administrator may reject the claim without any further action.  If the claim is rejected in whole or in part, for other reasons, then the claim shall be referred to the claims referee.

2.4.4   If any dispute is submitted to the claims referee, the claims referee may approve the Claims Administrator's determination by making a ruling within fifteen (15) days of the claims referee's receipt of the submitted dispute.  The claims referee may make any other final determination of the dispute or request further supplementation of a claim within thirty (30) days of the claims referee's receipt of the submitted dispute.  The claims referee's determination shall be based on whether the claims referee is persuaded that the claimed amounts are reasonably supported in fact and were more likely than not caused by the Data Incident.  The claims referee shall have the power to approve a claim in full or in part.  The claims referee's decision will be final and non-appealable.  Any claimant referred to the claims referee shall reasonably cooperate with the claims referee, including by either providing supplemental information as requested or, alternatively, signing an authorization allowing the claims referee to verify the claim through third-party sources, and failure to cooperate shall be grounds for denial of the claim in full.  The claims referee shall make a final decision within thirty (30) days of the latter of the following events: its receipt of the submitted dispute and receipt of all supplemental information requested.

2.5   Settlement Expenses.  All costs for notice to the Settlement Class as required under ¶¶ 3.1 and 3.2, Costs of Claims Administration under ¶¶ 8.1, 8.2, and 8.3, and the costs of dispute resolution described in ¶ 2.4, shall be paid by Syracuse.

2.6    Settlement Class Certification.   The Settling Parties agree, for purposes of this settlement only, to the certification of the Settlement Class.  If the settlement set forth in this Settlement Agreement is not approved by the Court, or if the Settlement Agreement is terminated or cancelled pursuant to the terms of this Settlement Agreement, this Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class had never been certified, without prejudice to any Person's or Settling Party's position on the issue of class certification or any other issue.  The Settling Parties' agreement to the certification of the Settlement Class is also without prejudice to any position asserted by the Settling Parties in any other proceeding, case or action, as to which all of their rights are specifically preserved.

**3.    Order of Preliminary Approval and Publishing of Notice of Final Fairness Hearing**

3.1.    As soon as practicable after the execution of the Settlement Agreement, Plaintiff's Counsel shall submit this Settlement Agreement to the Court as part of a motion for preliminary approval of the Settlement Agreement requesting entry of a mutually agreeable Preliminary Approval Order requesting, *inter alia:*

a)    certification of the Settlement Class for settlement purposes only pursuant to ¶ 2.6;

b)    preliminary approval of the Settlement Agreement as set forth herein;

c)    appointment of Todd S. Garber and Andrew C. White of the law firm FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP as Class Counsel;

d)    appointment of Plaintiff as Class Representative;

e)      approval of a customary form of Short Notice to be mailed by first-class United States Postal Service ("USPS") mail to Settlement Class Members in a form substantially similar to the template attached as **Exhibit A** hereto;

f)      approval of the Long Notice to be posted on the Settlement Website in a form substantially similar to the template attached as **Exhibit B** hereto, which, together with the Short Notice, shall include a fair summary of the Settling Parties' respective litigation positions, the general terms of the settlement set forth in the Settlement Agreement, instructions for how to object to or opt out of the settlement, the process and instructions for making claims to the extent contemplated herein, the requested attorneys' fees, and the date, time and place of the Final Fairness Hearing;

g)      approval of the Claim Form to be available on the Settlement Website for submitting claims and available in .pdf format on the Settlement Website for or if specifically requested by the Settlement Class Member, in a form substantially similar to the template attached as **Exhibit C** hereto; and

h)      appointment of Postlethwaite & Netterville, APAC, as the Claims Administrator.

3.2     Syracuse shall pay for providing notice to the Settlement Class in accordance with the Preliminary Approval Order, and the costs of such notice, together with the Costs of Claims Administration.  Any attorneys' fees, costs, and expenses of Plaintiff's Counsel, and any service award to the Class Representative, as approved by the Court, shall be paid by Syracuse as set forth in ¶ 7 below.  Notice shall be provided to Settlement Class Members by the Claims Administrator as follows:

a)      *Class Member Information*: Within fourteen (14) days of entry of the Preliminary Approval Order, Syracuse shall provide the Claims Administrator with the name, physical address, and e-mail, if available, of each Settlement Class Member (collectively, "Class Member Information") that Syracuse and/or the Related Parties possess.

b)      The Class Member Information and its contents shall be used by the Claims Administrator solely for the purpose of performing its obligations pursuant to this Agreement and shall not be used for any other purpose at any time.  Except to administer the settlement as provided in this Agreement, or to provide all data and information in its possession to the Settling Parties upon request, the Claims Administrator shall not reproduce, copy, store, or distribute in any form, electronic or otherwise, the Class Member Information.

c)      *Settlement Website:* Prior to the dissemination of the Short Notice, the Claims Administrator shall establish the Settlement Website, that will inform Settlement Class Members of the terms of this Agreement, their rights, dates and deadlines and related information.  The Settlement Website shall include, in .pdf format and available for download, the following: (i) the Long Notice; (ii) the Claim Form; (iii) the Preliminary Approval Order; (iv) this Agreement; (v) the Complaint; (vi) Class Counsel's application for attorneys' fees and expenses and the service award for Class Representative; and (viii) any other materials agreed upon by the Settling Parties and/or required by the Court.  The Settlement Website shall provide Settlement Class Members with the ability to complete and submit the Claim Form, and supporting documentation, electronically.

18

d)      *Short Notice:* Within forty-five (45) days of entry of the Preliminary Approval Order and to be substantially completed not later than sixty (60) days after entry of the Preliminary Approval Order, subject to the requirements of this Agreement and the Preliminary Approval Order, the Claims Administrator will provide notice to the Settlement Class members as follows:

- Via postcard to the postal address provided to Syracuse and/or the Related Parties by the Settlement Class Members. Before any mailing under this paragraph occurs, the Claims Administrator shall run the postal addresses of Settlement Class Members through the USPS National Change of Address database to update any change of address on file with the USPS within thirty (30) days of entry of the Preliminary Approval Order.

- In the event that a Short Notice is returned to the Claims Administrator by the USPS because the address of the recipient is not valid, and the envelope contains a forwarding address, the Claims Administrator shall re-send the Short Notice to the forwarding address within seven (7) days of receiving the returned Short Notice.

- In the event that subsequent to the first mailing of a Short Notice, and at least fourteen (14) days prior to the Opt-Out Date and the Objection Date, a Short Notice is returned to the Claims Administrator by the USPS because the address of the recipient is no longer valid, *i.e.*, the envelope is marked "Return to Sender" and

19

does not contain a new forwarding address, the Claims Administrator shall perform a standard skip trace, in the manner that the Claims Administrator customarily performs skip traces, in an effort to attempt to ascertain the current address of the particular Settlement Class Member in question and, if such an address is ascertained, the Claims Administrator will re-send the Short Notice within seven (7) days of receiving such information. This shall be the final requirement for mailing.

- The date of the first-mailing of the Short Notice shall be deemed the "notice commencement date" for purposes of calculating the opt-out and objection deadlines, and all other deadlines that flow from the notice commencement date.

e) Publishing, on or before the date of mailing the Short Notice, the Claim Form and the Long Notice on the Settlement Website as specified in the Preliminary Approval Order, and maintaining and updating the Settlement Website throughout the claim period;

f) A toll-free help line shall be made available to provide Settlement Class Members with additional information about the settlement and to respond to Settlement Class Members' questions. The Claims Administrator also will provide copies of the Short Notice, Long Notice, and paper Claim Form, as well as this Settlement Agreement, upon request to Settlement Class Members; and

g)     Contemporaneously with seeking Final approval of the settlement, Class Counsel and Syracuse shall cause to be filed with the Court an appropriate affidavit or declaration with respect to complying with this provision of notice.

3.3     The Short Notice, Long Notice, and other applicable communications to the Settlement Class may be adjusted by the Claims Administrator, respectively, in consultation and agreement with the Settling Parties, as may be reasonable and not inconsistent with such approval. The notice program shall commence within forty-five (45) days after entry of the Preliminary Approval Order and shall be completed within sixty (60) days after entry of the Preliminary Approval Order.

3.4     Class Counsel and Syracuse counsel shall request that after notice is completed, the Court hold a hearing (the "Final Fairness Hearing") and grant Final approval of the settlement set forth herein.

3.5     Syracuse will serve or cause to be served the notice required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, no later than ten (10) days after this Settlement Agreement is filed with the Court.

**4.**     **Opt-Out Procedures**

4.1     Each Person wishing to opt-out of the Settlement Class shall individually sign and timely submit written notice of such intent to the designated Post Office box established by the Claims Administrator.  Persons wishing to opt-out of the Settlement Class will only be able to submit an opt-out request on their own behalf; mass or class opt-outs will not be permitted.  The written notice must clearly manifest a Person's intent to be excluded from the Settlement Class. To be effective, written notice must be postmarked no later than sixty (60) days after the date on which the notice program commences pursuant to ¶ 3.2(d).

4.2     All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class, as set forth in ¶ 4.1 above, referred to herein as "Opt-Outs," shall not receive any cash benefits of and/or be bound by the terms of this Settlement Agreement.  All Persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class in the manner set forth in ¶ 4.1 above shall be bound by the terms of this Settlement Agreement and Judgment entered thereon.

4.3     In the event that within ten (10) days after the Opt-Out Date as approved by the Court, there have been more than twenty (20) timely and valid Opt-Outs (exclusions) submitted, Syracuse may, by notifying Class Counsel and the Court in writing, void this Settlement Agreement.  If Syracuse voids the Settlement Agreement pursuant to this paragraph, Syracuse shall be obligated to pay all settlement expenses already incurred, excluding any attorneys' fees, costs, and expenses of Class Counsel and any service award and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.

**5.     Objection Procedures**

5.1     Each Settlement Class Member desiring to object to the Settlement Agreement shall submit a timely written notice of his or her objection to the Court by the Objection Date.  Such notice shall state: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of notice, copy of original notice of the Data Incident); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of any and all counsel representing the objector in connection with the objection; (v) a statement as to whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; (vi) the objector's

signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); and (vii) a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last three (3) years.  To be timely, written notice of an objection in the appropriate form must be filed with the Clerk of the Court and contain the case name and docket number *Miller v. Syracuse University,* Case No. 5:21-CV-01073-LEK-TWD (the "*Miller* Action"), no later than sixty (60) days from the date on which notice program commences pursuant to ¶ 3.2(d), and served concurrently therewith upon Class Counsel, Todd S. Garber and Andrew C. White of the law firm FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP, One North Broadway, Suite 900, White Plains, NY 10111; and counsel for Syracuse, Eric R. Fish, Baker & Hostetler, LLP, 45 Rockefeller Plaza New York, NY  10111.

Any Settlement Class Member who fails to comply with the requirements for objecting in ¶ 5.1 shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Litigation.  The exclusive means for any challenge to the Settlement Agreement shall be through the provisions of ¶ 5.1.  Without limiting the foregoing, any challenge to the Settlement Agreement, the Final order approving this Settlement Agreement, or the Judgment to be entered upon Final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

### 6.   Releases

6.1    Upon the Effective Date, each Settlement Class Member (who has not timely and validly excluded himself or herself from the settlement), including Plaintiff, shall be deemed to

have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims.  Further, upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member (who has not timely and validly excluded himself or herself from the settlement), including Plaintiff, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted.

6.2     Upon the Effective Date, Syracuse shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged, Plaintiff, each and all of the Settlement Class Members, Class Counsel and Plaintiff's Counsel, of all claims, including, based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims.  Any other claims or defenses Syracuse may have against such Persons including, without limitation, any claims based upon or arising out of any retail, banking, debtor-creditor, contractual, or other business relationship with such Persons that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims are specifically preserved and shall not be affected by the preceding sentence.

6.3     Notwithstanding any term herein, neither Syracuse nor its Related Parties, shall have or shall be deemed to have released, relinquished or discharged any claim or defense against any Person other than Plaintiff, each and all of the Settlement Class Members, Class Counsel and Plaintiff's Counsel.

6.4     Nothing in this ¶ 6 shall preclude any action to enforce the terms of this Settlement Agreement by Plaintiff, Settlement Class Members, Class Counsel, and/or Syracuse.

**7.     Plaintiff's Counsel's Attorneys' Fees, Costs, and Expenses; Service Award to Plaintiff**

7.1     The Settling Parties did not discuss the payment of attorneys' fees, costs, expenses and/or any service award to Plaintiff, as provided for in ¶¶ 7.2 and 7.3, until after the substantive terms of the settlement had been agreed upon, other than that Syracuse would not object to a request for reasonable attorneys' fees, costs, expenses, and a service award to Plaintiff as may be ordered by the Court.  Syracuse and Class Counsel then negotiated and agreed to the provisions described in ¶¶ 7.2 and 7.3.  Syracuse shall pay any attorneys' fees, costs, expenses and/or any service award to Plaintiff, as provided for in ¶¶ 7.2 and 7.3 and as ordered by the Court, separate and apart from any benefits provided to Settlement Class Members and the costs of notice and Claims Administration.

7.2     Subject to Court approval, Syracuse has agreed not to object to a request by Class Counsel for attorneys' fees, inclusive of any costs and expenses of the Litigation in an amount not to exceed $295,000, to Plaintiff's Counsel for reimbursement of costs incurred.  Class Counsel, in their sole discretion, shall allocate and distribute any amount of attorneys' fees, costs, and expenses awarded by the Court among Plaintiff's Counsel.

7.3      Subject to Court approval, Syracuse has agreed not to object to a request for a service award in the amount of $5,000 to the named Plaintiff (for a total payment of $5,000).

7.4     If awarded by the Court, Syracuse shall pay the attorneys' fees, costs, expenses, and/or service award to Plaintiff, as set forth above in ¶¶ 7.2 and 7.3, within twenty-one (21) days after the Effective Date.  Class Counsel shall thereafter distribute the award of attorneys' fees,

costs, and expenses among Plaintiff's Counsel and the service award to Plaintiff consistent with ¶¶ 7.2 and 7.3.

7.5     The amount(s) of any award of attorneys' fees, costs, and expenses, and the service award to Plaintiff, are intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement.  These payments will not in any way reduce the consideration being made available to the Settlement Class as described herein.  No order of the Court, or modification or reversal or appeal of any order of the Court, concerning the amount(s) of any attorneys' fees, costs, expenses, and/or service award ordered by the Court to Class Counsel or Plaintiff shall affect whether the Judgment is Final or constitute grounds for cancellation or termination of this Settlement Agreement.

## 8.     Administration of Claims

8.1     The Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members under ¶ 2.1.  Class Counsel and Syracuse shall be given reports as to both claims and distribution and have the right to review and obtain supporting documentation to the extent necessary to resolve claims administration issues.  The Claims Administrator's and claims referee's, as applicable, determination of whether a Settlement Claim is a Valid Claim shall be binding, subject to the dispute resolution process set forth in ¶ 2.4.  All claims agreed to be paid in full by Syracuse shall be deemed a Valid Claim.

8.2     Checks for Valid Claims shall be mailed and postmarked within sixty (60) days of the Effective Date, or within thirty (30) days of the date that the claim is approved, whichever is later.

8.3     All Settlement Class Members who fail to timely submit a claim for any benefits hereunder within the time frames set forth herein, or such other period as may be ordered by the

Court, or otherwise expressly allowed by law or the Settling Parties' written agreement, shall be forever barred from receiving any payments or benefits pursuant to the settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein and the Judgment.

8.4    No Person shall have any claim against the Claims Administrator, claims referee, Syracuse, Released Persons, Class Counsel, Plaintiff, Plaintiff's Counsel, and/or Syracuse counsel based on distributions of benefits to Settlement Class Members.

8.5    Information submitted by Settlement Class Members in connection with submitted claims under this Settlement Agreement shall be deemed confidential and protected as such by the Claims Administrator, claims referee, Class Counsel, and counsel for Syracuse.

**9.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

9.1    The Effective Date of the settlement shall be conditioned on the occurrence of all of the following events:

a)    the Court has entered the Order of Preliminary Approval and Publishing of Notice of a Final Fairness Hearing, as required by ¶ 3.1;

b)    Syracuse has not exercised its option to void the Settlement Agreement pursuant to ¶ 4.3;

c)    the Court has entered the Judgment granting Final approval to the settlement as set forth herein; and

d)    the Judgment has become Final, as defined in ¶ 1.11.

9.2    If all conditions specified in ¶ 9.1 hereof are not satisfied, the Settlement Agreement shall be canceled and terminated subject to ¶ 9.4 unless Class Counsel and counsel for Syracuse mutually agree in writing to proceed with the Settlement Agreement.

9.3     Within seven (7) days after the Opt-Out Date, the Claims Administrator shall furnish to Class Counsel and to counsel for Syracuse a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

9.4     In the event that the Settlement Agreement or the releases set forth in ¶¶ 6.1, 6.2, and 6.3 above are not approved by the Court, either preliminarily or finally, or the settlement set forth in the Settlement Agreement is terminated in accordance with its terms: (i) the Settling Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party or Settling Party's counsel; (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and (iii) any Judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.*  Notwithstanding any statement in this Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing the amount of attorneys' fees, costs, expenses, and/or service award shall constitute grounds for cancellation or termination of the Settlement Agreement.  Further, notwithstanding any statement in this Settlement Agreement to the contrary, Syracuse shall be obligated to pay amounts already billed or incurred for costs of notice to the Settlement Class, and Claims Administration, and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.

## 10.     Miscellaneous Provisions

10.1    The Settling Parties (i) acknowledge that it is their intent to consummate this Settlement Agreement; (ii) agree to cooperate to the extent necessary to effectuate and implement

all terms and conditions of this Settlement Agreement; and (iii) agree to exercise their best efforts to accomplish the terms and conditions of this Settlement Agreement.

10.2    The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Settling Parties each agree that the settlement was negotiated in good faith by the Settling Parties and reflects a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.  It is agreed that no Party shall have any liability to any other Party as it relates to the Litigation, except as set forth in the Settlement Agreement.

10.3    Neither the Settlement Agreement, nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Persons; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  Any of the Released Persons may file the Settlement Agreement and/or the Judgment in any action related to the Data Incident that may be brought against them or any of them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith settlement, judgment

bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.4    The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

10.5    The Settlement Agreement contains the entire understanding between Syracuse and Plaintiff regarding the payment of the Litigation and supersedes all previous negotiations, agreements, commitments, understandings, and writings between Syracuse and Plaintiff in connection with the payment of the Litigation.  Except as otherwise provided herein, each party shall bear its own costs.  This Agreement supersedes all previous agreements made between Syracuse and Plaintiff.  Any agreements reached between Syracuse, Plaintiff, and any third party, are expressly excluded from this provision.

10.6    Class Counsel, on behalf of the Settlement Class, are expressly authorized by Plaintiff to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class which they deem appropriate in order to carry out the spirit of this Settlement Agreement and to ensure fairness to the Settlement Class.

10.7    Each counsel or other Person executing the Settlement Agreement on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

10.8    The Settlement Agreement may be executed in one or more counterparts.  All executed counterparts shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.

10.9   The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.  No assignment of this Settlement Agreement will be valid without the other party's prior, written permission.

10.10   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

10.11   As used herein, "he" means "he, she, or it"; "his" means "his, hers, or its"; and "him" means "him, her, or it."

10.12   All dollar amounts are in United States dollars (USD).

10.13   Cashing a settlement check is a condition precedent to any Settlement Class Member's right to receive monetary settlement benefits.  All settlement checks shall be void ninety (90) days after issuance and shall bear the language: "This check must be cashed within ninety (90) days, after which time it is void."  If a check becomes void, the Settlement Class Member shall have until six (6) months after the Effective Date to request re-issuance by the Claims Administrator.

10.14   If no request for re-issuance is made within this period, the Settlement Class Member will have failed to meet a condition precedent to recovery of settlement benefits, the Settlement Class Member's right to receive monetary relief shall be extinguished, and Syracuse shall have no obligation to make payments to the Settlement Class Member for expense reimbursement under ¶ 2.1 or any other type of monetary relief.  The same provisions shall apply to any re-issued check.  For any checks that are issued or re-issued for any reason more than one

hundred eighty (180) days from the Effective Date, requests for re-issuance need not be honored after such checks become void.

      10.15   All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

      IN WITNESS WHEREOF, the parties hereto have caused the Settlement Agreement to be executed by their duly authorized attorneys.

*[Signature blocks on next page]*

**AGREED TO BY:**

**FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP**

By: /s/ _Todd S. Garber_____
Todd S. Garber
Andrew C. White
One North Broadway, Suite 900
White Plains, NY  10111
Telephone: 914.298.3281
tgarber@fbfglaw.com
awhite@fbfglaw.com

**KELLER POSTMAN LLC**
Alex J. Dravillas
150 N. Riverside, Suite 4100
Chicago, IL  60606
Telephone: 312.741.5220
ajd@kellerpostman.com

*Counsel for Plaintiff Trevor Miller and the Putative Class*


By: /s/ _Trevor Miller_____

Trevor Miller, Plaintiff


**BAKER & HOSTETLER LLP**

By: /s/ _Casie R_____
Eric R. Fish
efish@bakerlaw.com
45 Rockefeller Plaza
New York, NY  10111
Telephone:212.589.4200
Facsimile:212.589.4201

Casie D. Collignon
Sarah A. Ballard
ccollignon@bakerlaw.com
sballard@bakerlaw.com
1801 California Street, Suite 4400
Denver, CO  80202
Telephone:303.861.0600
Facsimile:303.861.7805

*Counsel for Defendant Syracuse University*

# EXHIBIT A

**Who Is Included?** The Court decided that Settlement Class Members include all persons who were sent written notification by Syracuse that their personal information was potentially compromised as a result of the Data Incident discovered by Syracuse in September 2020. If you received this notice by mail or e-mail, records indicate you are included in this settlement.

**What Does The Settlement Provide?** The settlement will provide benefits to people who submit Valid Claims. Settlement Class Members can claim up to $1,000 (in total) for documented Ordinary Losses: (1) documented out-of-pocket expenses and/or (2) attested lost time. You may submit a claim for either or both types of payments. In order to claim reimbursement for Documented Out-Of-Pocket Expenses, you must provide related documentation with the Claim Form. Settlement Class Members can also claim up to $10,000 for Documented Extraordinary Losses. In order to claim this payment, you must provide related documentation with the Claim Form.

The settlement also provides that Defendant has agreed to provide sufficient documentation to demonstrate that it either has implemented or will implement various security related measures.

More information about the benefits provided by this settlement can be found in the Long Notice and Settlement Agreement available on the website or by calling 1-877-716-6889.

**How To Get Benefits.** The only way to receive a benefit is to file a claim. To file your claim online, or to get a paper Claim Form, visit the website at www.SyrNYdataincident.com or call 1-877-716-6889. To be eligible, you must complete and submit a valid Claim Form, postmarked or submitted online, on or before **Month DD, 2024**.

**Your Other Options**. If you do nothing, you will remain in the class, you will not be eligible for benefits, and you will be bound by the decisions of the Court and give up your rights to sue Defendant for the claims resolved by this settlement. If you do not want to be legally bound by the settlement, you must exclude yourself by **Month DD, 2024**. If you stay in the settlement, you may object to it by **Month DD, 2024**. A more detailed notice is available to explain how to exclude yourself or object. Please visit the website or call 1-877-716-6889 for a copy of the more detailed notice.

**The Final Fairness Hearing.** The Court has scheduled a hearing in this case (*Miller v. Syracuse University*, Case No. 5:21-cv-01073-LEK-TWD (N.D.N.Y.)) for **Month DD, 2024**, to consider: whether to approve the settlement, service award, attorneys' fees and expenses, as well as any objections. You or your attorney may attend and ask to appear at the hearing, but you are not required to do so.

**More Information.** Complete information about your rights and options, as well as the Claim Form, the Long Notice, and Settlement Agreement are available at www.SyrNYdataincident.com, or by calling toll free 1-877-716-6889.

| | |
|---|---|
| **www.SyrNYdataincident.com** | **1-877-716-6889** |

Court Approved Legal Notice
Case No. 5:21-cv-01073-LEK-TWD (N.D.N.Y.)

**If you received notice by Syracuse University of the September 2020 Data Incident,
you may be eligible for a payment from a class action settlement.**

*A federal court has authorized this notice. It is not a solicitation from a lawyer.*

*Para una notificación en Español, visitar www.SyrNYdataincident.com.*

A settlement has been reached in a class action lawsuit against Syracuse University ("Defendant" or "Syracuse") relating to a data security event as alleged in the Complaint, whereby unauthorized user(s) gained access to a Syracuse employee's e-mail account that contained certain data, including Social Security numbers, driver's license numbers, financial account numbers, and/or health care information of approximately 9,865 individuals (the "Data Incident"). While Syracuse found no evidence which confirms that any of the information was viewed or misused, Syracuse provided notification of the Data Incident to all potentially impacted individuals.

Visit www.SyrNYdataincident.com or call 1-877-716-6889 for more information.

---

**Syracuse Data Incident Claims Administrator**
P.O. Box XXX
Baton Rouge, LA 70821

**ELECTRONIC SERVICE REQUESTED**

CLAIM ID: []
[FIRST NAME] [LAST NAME]
[ADDRESS]
[ADDRESS]
[CITY] [STATE] [ZIP]

---

Postal Service: Do Not Mark or Cover Barcode

# EXHIBIT B

*Miller v. Syracuse University*
Case No. 5:21-cv-01073-LEK-TWD (U.S. District Court for the Northern District of New York)

# If you received notice from Syracuse University of the September 2020 Data Incident, you may be eligible for a payment from a class action settlement.

*A federal court has authorized this notice. This is <u>not</u> a solicitation from a lawyer. Please read this notice carefully and completely.*

**THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ IT CAREFULLY.**

*Para una notificación en Español, visitar www.SyrNYdataincident.com.*

- A settlement has been reached in a class action lawsuit against Syracuse University ("Defendant" or "Syracuse") relating to a data security event as alleged in the Complaint, whereby unauthorized user(s) gained access to a Syracuse employee's e-mail account that contained certain data, including Social Security numbers, driver's license numbers, financial account numbers, and/or health care information of approximately 9,865 individuals (the "Data Incident"). While Syracuse found no evidence which confirms that any of the information was viewed or misused, Syracuse provided notification of the Data Incident to all potentially impacted individuals.

- If you received a notification from Syracuse of the Data Incident, you are included in this settlement as a "Settlement Class Member."

- The settlement provides payments to people who submit Valid Claims for documented Ordinary Losses, *i.e.*, documented out-of-pocket expenses and attested lost time relating to the Data Incident, and Documented Extraordinary Losses.

- Your legal rights are affected regardless of whether you do or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** <br> DEADLINE: MONTH, DD YEAR | Submitting a Claim Form is the only way that you can receive any of the settlement benefits provided by this settlement, including, reimbursement for attested lost time, payment for documented Ordinary Losses, or payment for documented Extraordinary Losses. <br><br> If you submit a Claim Form, you will give up the right to sue Syracuse in a separate lawsuit about the legal claims this settlement resolves. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** <br> DEADLINE: MONTH, DD YEAR | This is the only option that allows you to sue, continue to sue, or be part of another lawsuit against Syracuse for the claims this settlement resolves. <br><br> If you exclude yourself, you will give up the right to receive any settlement benefits from this settlement. |
| **OBJECT TO THE SETTLEMENT** <br> DEADLINE: MONTH, DD YEAR | You may object to the settlement by writing to the Court and informing it why you do not think the settlement should be approved. <br><br> If you object, you may also file a Claim Form to receive settlement benefits, but you will give up the right to sue Syracuse in a separate lawsuit about the legal claims this settlement resolves. |
| **GO TO THE FINAL FAIRNESS HEARING** <br> DATE: MONTH, DD YEAR | You may attend the Final Fairness Hearing where the Court may hear arguments concerning approval of the settlement. If you wish to speak at the Final Fairness Hearing, you must make a request to do so in your written objection or comment. You are not required to attend the Final Fairness Hearing. |
| **DO NOTHING** | If you do nothing, you will not receive any of the monetary settlement benefits and you will give up your rights to sue Syracuse and certain Released Persons for the claims this settlement resolves. |

- These rights and options—and the deadlines to exercise them—are explained in this notice. For complete details, view the Settlement Agreement, available at www.SyrNYdataincident.com, or call 1-877-716-6889.

- The Court in charge of this case still has to decide whether to grant final approval of the settlement. Payments will only be made after the Court grants final approval of the settlement and after any appeals are resolved.

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION**............................................................**PAGE 4**

1.      Why is this notice being provided?
2.      What is this lawsuit about?
3.      What is a class action?
4.      Why is there a settlement?

**WHO IS INCLUDED IN THE SETTLEMENT?**.....................................**PAGE 5**

5.      How do I know if I am part of the settlement?
6.      Are there exceptions to being included in the settlement?

**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY**...................**PAGE 5**

7.      What does the settlement provide?
8.      What payments are available for documented Ordinary Losses?
9.      What payments are available for documented Extraordinary Losses?

**HOW TO GET BENEFITS—SUBMITTING A CLAIM FORM**...........................**PAGE 6**

10.     How do I get benefits from the settlement?
11.     How will claims be decided?
12.     When will I get my payment?

**REMAINING IN THE SETTLEMENT**.............................................**PAGE 6**

13.     Do I need to do anything to remain in the settlement?
14.     What am I giving up as part of the settlement?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**.................................**PAGE 7**

15.     If I exclude myself, can I still get payment from the settlement?
16.     If I do not exclude myself, can I sue Syracuse for the same thing later?
17.     How do I get out of the settlement?

**THE LAWYERS REPRESENTING YOU**...........................................**PAGE 7**

18.     Do I have a lawyer in this case?
19.     How will Class Counsel be paid?

**OBJECTING TO THE SETTLEMENT**............................................**PAGE 18**

20.     How do I tell the Court that I do not like the settlement?
21.     What is the difference between objecting to and excluding myself from the settlement?

**THE COURT'S FINAL FAIRNESS HEARING**.....................................**PAGE 9**

22.     When and where will the Court decide whether to approve the settlement?
23.     Do I have to come to the Final Fairness Hearing?
24.     May I speak at the Final Fairness Hearing?

**IF YOU DO NOTHING**......................................................**PAGE 9**

25.     What happens if I do nothing?

**GETTING MORE INFORMATION**...............................................**PAGE 9**

26.     Are more details about the settlement available?
27.     How do I get more information?

Questions? Go to www.SyrNYdataincident.com or call 1-877-716-6889

**BASIC INFORMATION**

| **1. Why is this notice being provided?** |
|---|

A federal court authorized this notice because you have a right to know about a proposed settlement that has been reached in this class action lawsuit and about all of your options before the Court decides whether to grant final approval of the settlement. If the Court approves the settlement, and after objections or appeals, if any, are resolved, the Claims Administrator appointed by the Court will distribute the payments that the settlement allows. This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of this case is the United States District Court for the Northern District of New York. The case is known as *Trevor Miller, individually and on behalf of all others similarly situated v. Syracuse University*, Case No. 5:21-CV-01073-LEK-TWD (the "*Miller* Action"). The person who filed the lawsuit is called the Plaintiff and the entity he sued is called the Defendant. Plaintiff and Defendant agreed to this settlement.

| **2. What is this lawsuit about?** |
|---|

The lawsuit claims that the Defendant was responsible for the Data Incident. Plaintiff, a former student at Syracuse, alleges that between September 24 and September 28, 2020, Syracuse experienced a "phishing" attempt whereby unauthorized user(s) were able to gain access to a Syracuse employee's e-mail account, and that e-mail account contained personal information of certain individuals. Plaintiff further alleges that the personal information impacted in the Data Incident included Social Security numbers and other sensitive, personal information. Plaintiff further alleges that he received notice of the Data Incident from Syracuse on or about February 4, 2021. Following this notification, and after Plaintiff claims he learned of an unauthorized charge on his bank checking account, Plaintiff filed this lawsuit asserting various claims against Syracuse relating to the Data Incident as defined below (the "Litigation").

Syracuse denies each and all of the claims and contentions alleged against it in the Litigation.  Syracuse denies all allegations of wrongdoing or liability that are alleged, or which could be alleged, in the Litigation.

| **3. What is a class action?** |
|---|

In a class action, one or more people called Class Representatives (in this case, Trevor Miller) sue on behalf of people who have similar claims. Together, all these people are called a Settlement Class Members or Members. One court and one judge resolves the issues for all class members, except for those who exclude themselves from the Settlement Class.

| **4. Why is there a settlement?** |
|---|

The Court did not decide in favor of Plaintiff or Defendant. Instead, Plaintiff negotiated a settlement with Defendant that allows both Plaintiff and Defendant to avoid the risks and costs of lengthy and uncertain litigation and the uncertainty of a trial and appeals. It also allows Settlement Class Members to obtain settlement benefits without further delay. The Class Representative and his attorneys think the settlement is best for all Settlement Class Members. This settlement does not mean that Defendant did anything wrong.

<u>**WHO IS INCLUDED IN THE SETTLEMENT?**</u>

**5. How do I know if I am part of the settlement?**

You are part of this settlement as a Settlement Class Member if you previously received a written notification from Syracuse that your personal information was potentially compromised as a result of the Data Incident discovered by Syracuse in September 2020.

If you received notice of this settlement by mail or e-mail, you are a Settlement Class Member, and your legal rights are affected by this settlement. If you did not receive notice by mail or e-mail, or if you have any questions as to whether you are a Settlement Class Member, you may contact the Settlement Administrator.

**6. Are there exceptions to being included in the settlement?**

Yes. Specifically excluded from the Settlement Class are: (i) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (ii) the judge assigned to evaluate the fairness of this settlement; and (iii) any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

<u>**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY**</u>

**7. What does the settlement provide?**

The settlement will provide payments to people who submit Valid Claims.

Settlement Class Members can claim up to $1,000 (in total) for documented Ordinary Losses (Question 8, below): (1) documented out-of-pocket expenses; and/or (2) attested lost time. You may submit a claim for either or both types of claim. In order to claim reimbursement for documented out-of-pocket expenses, you must provide related documentation with the Claim Form.

Settlement Class Members can also claim up to $10,000 for documented Extraordinary Losses (Question 9, below). In order to claim this payment, you must provide related documentation with the Claim Form.

The settlement also provides that Defendant has agreed to provide sufficient documentation to demonstrate that it either has implemented or will implement various security-related measures.

**8. What payments are available for documented Ordinary Losses?**

Settlement Class Members are eligible to receive reimbursement of up to $1,000 (in total) for the following categories of documented out-of-pocket expenses resulting from the Data Incident, including, but not limited to: (i) unreimbursed bank or credit card fees; (ii) long distance phone charges (only if charged by the minute); (iii) long distance or cell phone charges (only if charged by the minute); (iv) data charges (only if charged based on the amount of data used); (v) postage; and/or (vi) gasoline for local travel purchased by Settlement Class Members between September 20, 2020 and the Claims Deadline.

Included within the $1,000 cap, Settlement Class Members are also eligible to receive reimbursement for up to five (5) hours of lost time spent dealing with the Data Incident (calculated at the rate of $20 per hour), but only if at least one (1) full hour was spent dealing with the Data Incident. Settlement Class Members may receive up to five (5) hours of lost time if the Settlement Class Member: (i) attests that any claimed lost time was spent responding to issues raised by the Data Incident; and (ii) provides a checkbox style description, or written description if no checkbox is applicable, of how the claimed lost time was spent related to the Data Incident.

**9. What payments are available for documented Extraordinary Losses?**

Settlement Class Members may make a claim for reimbursement of up to $10,000 for documented Extraordinary Losses resulting from the Data Incident. Settlement Class Members are eligible for reimbursement under this category if the loss: (i) is actual, documented, and unreimbursed; (ii) more likely than not caused by the Data Incident; (iii) occurred between September 20, 2020 and the Claims Deadline; and (iv) is not already covered by one or more of the above-referenced reimbursable expense categories under documented Ordinary Losses.

Settlement Class Members must also have made reasonable efforts to avoid, or seek reimbursement for, such documented Extraordinary Losses, including, but not limited to, exhaustion of all available credit monitoring insurance and identity theft insurance.

<u>HOW TO GET BENEFITS—SUBMITTING A CLAIM FORM</u>

**10. How do I get benefits from the settlement?**

To ask for a payment, you must complete and submit a Claim Form. Claim Forms are available at www.SyrNYdataincident.com, or you may request one by mail by calling 1-877-716-6889. Read the instructions carefully, fill out the Claim Form, and mail it **postmarked no later than [Claims Deadline]** to:

Syracuse Data Incident Claims Administrator

P.O. Box XXXX

Baton Rouge, LA 70821

**11. How will claims be decided?**

The Claims Administrator will initially decide whether the information provided on a Claim Form is complete and valid. The Claims Administrator may require additional information from any claimant. If the required information is not timely provided, the claim will be considered invalid and will not be paid.

If the claim is complete and the Claims Administrator denies the claim entirely or partially, the claimant will be provided an opportunity to have their claim reviewed by an impartial claims referee. Additional information regarding the claims process can be found in Sections IV.2 and IV.8 of the Settlement Agreement, available at www.SyrNYdataincident.com.

**12. When will I get my payment?**

The Court will hold a Final Fairness Hearing at **XX:XX am** on **Month, Day, 2024** to decide whether to approve the settlement. If the Court approves the settlement, there may be appeals. It is always uncertain whether any appeals can be resolved favorably, and resolving them can take time. It also takes time for all the Claim Forms to be processed, depending on the number of claims submitted and whether any appeals are filed. Please be patient.

<u>REMAINING IN THE SETTLEMENT</u>

**13. Do I need to do anything to remain in the settlement?**

You do not have to do anything to remain in the settlement, but if you want a payment, you must submit a Claim Form postmarked by **Month Day, 2024**.

Questions? Go to www.SyrNYdataincident.com or call 1-877-716-6889

Page **6** of 10

**14. What am I giving up as part of the settlement?**

If the settlement becomes final, you will give up your right to sue Syracuse for the claims being resolved by this settlement. The specific claims you are giving up against Syracuse are defined in Section 1.22 of the Settlement Agreement. You will be "releasing" Syracuse and all related people or entities (collectively, "Released Persons") as described in Section 6 of the Settlement Agreement. The Settlement Agreement is available at www.SyrNYdataincident.com.

The Settlement Agreement describes the Released Claims with specific descriptions, so read it carefully. If you have any questions about what this means you can talk to the law firms listed in Question 18 for free or you can, of course, talk to your own lawyer at your own expense.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to keep the right to sue Syracuse about issues in the Litigation, then you must take steps to get out of the Settlement Class. This is called excluding yourself from – or is sometimes referred to as "opting out" of – the Settlement Class.

**15. If I exclude myself, can I still get payment from the settlement?**

No. If you exclude yourself from the settlement, you will not be entitled to any benefits of the settlement, but you will not be bound by any judgment in this case.

**16. If I do not exclude myself, can I sue Syracuse for the same thing later?**

No. Unless you exclude yourself from the settlement, you give up any right to sue Syracuse for the claims that this settlement resolves. You must exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case. If you exclude yourself, do not submit a Claim Form to ask for a payment.

**17. How do I get out of the settlement?**

To exclude yourself from the settlement, you must send a letter by mail stating that you want to be excluded from the settlement in the *Miller* Action. Your letter must include your name, address, telephone number and signature. Your letter must state the words "*Request for Exclusion*" at the top of the document and contain a declaration stating "I request that I be excluded from the Settlement Class in *Miller v. Syracuse University*, and do not wish to participate in the settlement. I understand that by requesting to be excluded from the Settlement Class, I will not receive any benefits under the settlement." You must mail your exclusion request postmarked no later than **Month Day, 2024** to:

Syracuse Data Incident Exclusions
P.O. Box XXXX
Baton Rouge, LA 70821

### THE LAWYERS REPRESENTING YOU

**18. Do I have a lawyer in this case?**

Yes. The Court appointed Todd S. Garber and Andrew C. White of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, One North Broadway, Suite 900, White Plains, NY 10111, to represent you and other Settlement

Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **19. How will Class Counsel be paid?** |
|---|

Subject to Court approval, Syracuse has agreed not to object to a request by Class Counsel for attorneys' fees, inclusive of any costs and expenses of the Litigation, in an amount not to exceed $295,000, to Plaintiff's Counsel for reimbursement of costs incurred. Subject to Court approval, Syracuse has agreed not to object to a request for a service award in the amount of $5,000 to the named Plaintiff (for a total payment of $5,000). These payments will not in any way reduce the consideration being made available to the Settlement Class as described herein.

Class Counsel's application for attorneys' fees and expenses, and Plaintiff's service award, will be made available on the Settlement Website at www.SyrNYdataincident.com before the deadline for you to object to the settlement.

### OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

| **20. How do I tell the Court that I do not like the settlement?** |
|---|

If you are a Settlement Class Member, you can object to the settlement if you do not like it or a portion of it. You can give reasons why you think the Court should not approve the settlement. The Court will consider your views before making a decision. To object, you must file with the Court and mail copies to Class Counsel and Defendant's Counsel a written notice stating that you object to the settlement in *Miller v. Syracuse University*.

Your objection must include:

(a) the name of the proceedings ("*Miller v. Syracuse University*");
(b) your full name, current mailing address, and telephone number;
(c) a statement of the specific grounds for the objection, as well as any documents supporting the objection;
(d) the identity of any attorneys representing you; and
(e) your signature or your attorney's signature.

You must mail your objection postmarked no later than Month, Day, 2024 to:

Syracuse Data Incident Objections
P.O. Box XXXX
Baton Rouge, LA 70821

You must also mail copies of your objection to Class Counsel and Defendant's Counsel postmarked no later than Month Day, 2024, at all of the addresses below.

| CLASS COUNSEL | SYRACUSE'S COUNSEL |
|---|---|
| Todd S. Garber<br>Andrew C. White<br>**Finkelstein, Blankinship, Frei-Pearson &<br>Garber, LLP**<br>One North Broadway Suite 900,<br>White Plains, NY 10111 | Eric R. Fish<br>**Baker & Hostetler, LLP**<br>45 Rockefeller Plaza<br>New York, NY 10111 |

**21. What is the difference between objecting to and excluding myself from the settlement?**

Objecting is telling the Court that you do not like something about the settlement. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class in this settlement. If you exclude yourself from the settlement, you have no basis to object or submit a Claim Form because the settlement no longer affects you.

### THE COURT'S FINAL FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you do not have to. You cannot speak at the hearing if you exclude yourself from the settlement.

**22. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Final Fairness Hearing at XX a.m. on Month Day, 2024, in the United States District Court, Northern District of New York, Address, City, State, Zip. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. The Court will take into consideration any properly-filed written objections and may also listen to people who have asked to speak at the hearing (*see* Question 20). The Court will also decide whether to approve fees and costs to Class Counsel, and the service award to the Class Representative.

**23. Do I have to come to the Final Fairness Hearing?**

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you file an objection, you do not have to come to Court to talk about it. You may also hire your own lawyer to attend, at your own expense, but you are not required to do so.

**24. May I speak at the Final Fairness Hearing?**

Yes, you may ask the Court for permission to speak at the Final Fairness Hearing. To do so, you must follow the instructions provided in Question 20 above. You cannot speak at the hearing if you exclude yourself from the settlement.

### IF YOU DO NOTHING

**25. What happens if I do nothing?**

If you do nothing, you will not receive any benefit from this settlement. If the Court approves the settlement, you will be bound by the Settlement Agreement and the release. This means you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendant or related parties about the issues involved in the Litigation, resolved by this settlement, and released by the Settlement Agreement.

### GETTING MORE INFORMATION

**26. Are more details about the settlement available?**

Yes. This notice summarizes the proposed settlement. More details are in the Settlement Agreement, which is available at www.SyrNYdataincident.com, or by writing to the Syracuse Data Incident Settlement Administrator, P.O. Box XXXX, Baton Rouge, LA 70821.

## 27. How do I get more information?

Go to www.SyrNYdataincident.com, call 1-877-716-6889, or write to Syracuse Data Incident Settlement Administrator, PO Box XXXX, Baton Rouge, LA 70821.

**_Please do not call the Court or the Clerk of the Court for additional information._**
**_They cannot answer any questions regarding the settlement or the Litigation._**

# EXHIBIT C

Syracuse Data Incident Claims Administrator
PO Box XXXX
Baton Rouge, LA 70821

**Your Claim Form Must Be Submitted On or Before MONTH DAY, 2024**

# Trevor Miller v. Syracuse University

In the United States District Court, Northern District of New York (Case No. 5:21-CV-01073-LEK-TWD)

# Claim Form

**Si necesita ayuda en español, visitar www.SyrNYdataincident.com.**

This Claim Form should be filled out online or submitted by mail if you were notified by Syracuse University regarding the September 2020 Data Incident, and you had out-of-pocket expenses or lost time spent dealing with the Data Incident. Settlement Class Members may make a claim for reimbursement for documented extraordinary losses resulting from the Data Incident. You may get a check if you fill out this Claim Form, if the settlement is approved, and if you are found to be eligible for a payment.

The settlement notice describes your legal rights and options. Please visit the official settlement administration website at www.SyrNYdataincident.com, or call 1-877-716-6889 for more information or to file a claim online.

If you wish to submit a claim for a settlement payment, you need to provide the information requested below. Please print clearly in blue or black ink. This Claim Form must be mailed and postmarked or submitted online **on or before MONTH DAY, 2024.**

TO RECEIVE BENEFITS FROM THIS SETTLEMENT, YOU MUST PROVIDE ALL OF THE REQUIRED (*) INFORMATION BELOW AND YOU MUST SIGN THIS CLAIM FORM. THIS CLAIM FORM SHOULD ONLY BE USED IF A CLAIM IS BEING MAILED IN AND IS NOT BEING FILED ONLINE. YOU MAY ALSO FILE YOUR CLAIM ONLINE AT WWW.SYRNYDATAINCIDENT.COM.

## 1. CLASS MEMBER INFORMATION.

*First Name — Middle Initial

*Last Name — Suffix

*Mailing Address: Street Address/P.O. Box (include Apartment/Suite/Floor Number)

*City — *State — *Zip Code

Current Email Address (Optional)

*Current Phone Number — *Settlement Clam ID (Required)

Settlement Claim ID: Your Settlement Claim ID can be found on the postcard notice you received in the mail informing you about this Settlement. If you need additional help locating this ID, please contact the Claims Administrator at 1-877-716-6889 or email info@SyrNYdataincident.com.

## 2. PAYMENT ELIGIBILITY INFORMATION.

Please review the notice and Section 2 of the Settlement Agreement (available at www.SyrNYdataincident.com) for more information on who is eligible for a payment and the nature of the expenses or losses that can be claimed.

Please provide as much information as you can to help us figure out if you are entitled to a settlement payment.

**PLEASE PROVIDE THE INFORMATION LISTED BELOW:**

Check the box for each category of benefits you would like to claim. Categories include: out-of-pocket expenses that you had to pay as a result of the Data Incident and time you had to spend dealing with the effects of the Data Incident. Please be sure to fill in the total amount you are claiming for each category and to attach documentation of the charges as described in bold type (if you are asked to provide account statements as part of proof required for any part of your claim, you may mark out any unrelated transactions if you wish).

### A. Documented Ordinary Losses resulting from the Data Incident.

☐ I incurred documented out-of-pocket expenses as a result of the Data Incident.

Examples include: (i) unreimbursed bank or credit card fees; (ii) long distance phone charges (only if charged by the minute); (iii) long distance or cell phone charges (only if charged by the minute); (iv) data charges (only if charged based on the amount of data used); (v) postage; and (vi) gasoline for local travel purchased. You may all claim fees for credit reports, credit monitoring or identity theft insurance products that were incurred on or after September 20, 2020 through **[CLAIMS DEADLINE]**.

Total amount for this category:   **$** ☐☐☐☐ . ☐☐

Briefly describe the charges you have claimed below:

_____

_____

*If you are seeking reimbursement for fees, expenses, or charges, please attach a copy of a statement from the company that charged you, or a receipt for the amount you incurred.*

*If you are seeking reimbursement for credit reports, credit monitoring, or other identity theft insurance product purchased between September 20, 2020 through CLAIMS DEADLINE, please attach a copy of a receipt or other proof of purchase for each credit report or product purchased. (Note: By claiming reimbursement in this category, you certify that you purchased the credit monitoring or identity theft insurance product primarily because of the Data Incident and not for any other purpose).*

Supporting documentation must be provided. You may mark out any transactions that are not relevant to your claim before sending in the documentation.

☐ I spent between one and five hours of documented time spent dealing with the Data Incident.

☐ I certify that the following amount of time in response to the Data incident:

☐ 1 Hour      ☐ 2 Hours      ☐ 3 Hours      ☐ 4 Hours      ☐ 5 Hours

**To recover for lost time under this section, you must select one of the boxes above or provide a narrative description of the activities performed during the claimed time.**

Check all activities, below, which apply

☐ Time spent obtaining credit reports.

☐ Time spent dealing with a credit freeze.

☐ Time spent dealing with bank or credit card fee issues.

☐ Time spent monitoring accounts.

☐ Time spent updating automatic payment programs because your card number changed.

☐ Other. (Please provide description(s) below.)

_____

_____

**B. Documented Extraordinary Losses Resulting from the Data Incident.**

☐ I incurred documented monetary losses that: (i) are actual, documented, and unreimbursed; (ii) were more likely than not caused by the Data Incident; (iii) occurred between September 20, 2020 and [Claims Deadline]; and (iv) are not already covered by Ordinary Loss categories above.

**Total amount for this category:**      $ ☐ ☐ ☐ ☐ ☐ . ☐ ☐

*You must provide substantial and plausible documentation that you experienced and unreimbursed monetary loss as result of the Data Incident, including, but, not limited to, receipts, account statements or invoices. Note that "self-prepared documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement for Extraordinary Losses, but can be considered to add clarity or support other submitted documentation*

You may mark out any information that is not relevant to your claim before sending in the documentation.

Description the loss and the documents provided to demonstrate that identity theft or fraud occurred.

_____

_____

_____

_____

☐ **Check this box to confirm that you have exhausted all applicable insurance policies, including credit monitoring insurance and identity theft insurance, and that you have no insurance coverage for these fraudulent charges.**

## 3. SIGN AND DATE YOUR CLAIM FORM.

I declare that the information supplied in this Claim Form by the undersigned is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

I understand that I may be asked to provide supplemental information by the Claims Administrator before my claim will be considered complete and valid.

_____    _____    _____
**Signature**                              **Print Name**                              **Date**

## 4. REMINDER CHECKLIST.

**5.** Keep copies of the completed Claim Form and documentation for your own records.

**6.** If your address changes or you need to make a correction to the address on this Claim Form, please visit the Settlement website at www.SyrNYdataincident.com and complete the Update Contact Information form or send written notification of your new address. Make sure to include your Settlement Claim ID and your phone number in case we need to contact you in order to complete your request.

**7.** For more information, please visit the settlement website at www.SyrNYdataincident.com or call the Claims Administrator at 1-877-716-6889. Please do not call the Court or the Clerk of the Court for additional information.

**8.** This Claim Form must be postmarked by **MONTH DAY, 2024** and mailed to: P.O. Box XXXX, Baton Rouge, LA 70821.

# EXHIBIT D

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **TREVOR MILLER,** individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>**SYRACUSE UNIVERSITY,**<br><br>　　　　Defendant. | Case No. 5:21-cv-1073-LEK-TWD<br><br>Class Action |

## [PROPOSED] ORDER GRANTING PLAINTIFF'S UNCONTESTED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**THIS CAUSE** is before the Court on Plaintiff's Uncontested Motion for Preliminary Approval of Class Action Settlement. Having considered the Motion, the Settlement Agreement, all materials submitted in support thereof, and the record in this case, and for good cause shown:

## IT IS HEREBY ORDERED AND ADJUDGED THAT:

**Preliminary Approval of Settlement Agreement**

1.　　The Court finds for the purposes of preliminary approval, that the proposed settlement in the above-captioned case as set forth in the Parties' Settlement Agreement, is fair, reasonable, adequate, and in the best interest of the Class. The Court further finds that the Settlement was entered into at arm's length by highly experienced counsel providing excellent representation. The Court therefore preliminarily approves the proposed Settlement.

**Class Certification**

2.　　Pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3), and for the purposes of this Settlement, the Court conditionally certifies a Class defined as: "All persons who were sent

written notification by Syracuse that their Private Information was potentially compromised as a result of the Data Incident discovered by Syracuse in September 2020."

3.      Pursuant to the Settlement Agreement, and for Settlement purposes only, the Court finds as to the Class that:

a.      the Class is so numerous that joinder of all members is impracticable;

b.      there are questions of law or fact common to the Class;

c.      the claims of the named Plaintiff and proposed Class Representative are typical of the claims of the Class;

d.      the named Plaintiff and Class Representative and his counsel will fairly and adequately protect the interests of the Class;

e.      questions of law and fact common to class members predominate over any questions affecting only individual Class members; and,

f.      a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

4.      The Court appoints Trevor Miller as Representative of the Class.

5.      The Court appoints Todd S. Garber and Andrew C. White of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP and Alex J. Dravillas, of Keller Postman LLC, to act as Class Counsel to the Class.

**Notice To Potential Class Members**

6.      The Court approves the form and content of the Class Notice and approves the Parties' proposal to distribute the Class Notice to the Class as set forth in the Settlement Agreement. The Court finds that the Parties' proposal regarding class notice to potential class members constitutes the best notice practicable under the circumstances, and complies fully with the notice requirements of due process and Fed. R. Civ. P. 23.

4861-9135-9639.1

**Claims Administration**

7.      The Court approves Postlethwaite & Netterville, APAC as the Settlement Administrator, with the responsibilities set forth in the Settlement Agreement.

8.      Any Class Member may request to be excluded (or "opt-out") from the Class.  A Class Member who wishes to opt-out of the Class must give written notice to the Settlement Administrator.  Opt-Out requests must be signed by the Class Member who is requesting exclusion and clearly manifest a Person's intent to be excluded from the Settlement Class. Requests for Exclusion that are not timely will be considered invalid and of no effect, and the Class Member who untimely submits a Request for Exclusion will remain a Class Member and will be bound by any Orders entered by the Court, including the Final Approval Order and the Releases contemplated thereby.  Except for those Class Members who have properly and timely submitted Requests for Exclusion, all Class Members will be bound by the Settlement Agreement and the Final Approval Order, including the Releases, regardless of whether they file a Claim or receive any monetary relief.  Any Class Member who timely and properly submits a Request for Exclusion shall not: (a) be bound by any orders or the Final Approval Order nor by the Releases contained therein; (b) be entitled to any relief under the Settlement Agreement; (c) gain any rights by virtue of the Settlement Agreement; or (d) be entitled to object to any aspect of the Settlement Agreement.  Each Person requesting exclusion from the Class must personally sign his or her own individual Request for Exclusion.  No Person may opt-out of the Class for any other Class Member, or be opted-out by any other Person, and no Class Member shall be deemed opted-out of the Class through any purported "mass" or "class" opt-outs.

9.      Any Class Member who intends to object to the Settlement must do so by the Objection Deadline.  In order to object, the Class Member must file with the Court prior to the Objection Deadline, and provide a copy to Class Counsel and Defendant's Counsel also prior to the

Objection Deadline, a document that:

    i.      the objector's full name, address, telephone number, and e-mail address (if any);

    ii.     information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of notice, copy of original notice of the Data Incident);

    iii.    a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable;

    iv.    the identity of any and all counsel representing the objector in connection with the objection;

    v.     a statement as to whether the objector and/or his or her counsel will appear at the Final Fairness Hearing;

    vi.    the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); and

    vii.    a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last three (3) years.

Any Class Member who fails to file and serve timely: (a) a written objection containing all of the information listed in items (i) through (vii) of the previous paragraph; and, (b) notice of his/her intent to appear at the Final Approval Hearing pursuant to this paragraph, shall not be permitted to object to the Settlement and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by any means, including but not limited to an appeal.

Upon the filing of an objection, Class Counsel and Defendant's Counsel may take the deposition of the objecting Class Member pursuant to the Federal Rules of Civil Procedure at an agreed-upon time and location, and to obtain any evidence relevant to the objection. Failure by an objector to make himself or herself available for deposition or comply with expedited discovery may result in the Court striking the objection. The Court may tax the costs of any such discovery to the objector or the objector's counsel if the Court determines that the objection is frivolous or is made for an improper purpose.

**Fairness Hearing**

10.     A Fairness Hearing is hereby scheduled to be held before the undersigned on _____, 2024 at _____ am/pm, to consider the fairness, reasonableness and adequacy of the Settlement, the entry of a Final Order and Judgment in the case, any petition for attorneys' fees and costs and Service Awards to named Plaintiff, and any other related matters that are brought to the Court's attention in a timely fashion.

11.     Any Class Member who has not filed a Request for Exclusion may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness, and adequacy of the Settlement; provided, however, that no person shall be heard in opposition to the Settlement, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless, in accordance with the deadlines above, such person: (a) timely files with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition to the Settlement, and any documentation in support of such opposition; and (b) timely serves copies of such notice, statement and documentation upon all counsel.

12.     The date and time of the Fairness Hearing shall be set forth in the Notice but shall be subject to adjournment by the Court without further notice to the members of the Class other than which may be posted on the Court's Electronic Case Filing (ECF) system and/or the website created pursuant to the Settlement Agreement, as set forth in the Class Notice.

13.     If Final Approval of the Settlement is not granted, or if the Settlement is terminated for any reason, the Settlement and all proceedings had in connection therewith shall be without prejudice to the parties' rights and the parties shall return to the *status quo ante*, and all Orders issued pursuant to the Settlement and Preliminary and Final Approval process shall be vacated.  In such event, the Settlement Agreement and all negotiations concerning it shall not be used or referred to in

this action (or any other action) for any purpose whatsoever.

**Miscellaneous Relief**

14.     The Court hereby stays all proceedings in this Court other than those proceedings necessary to carry out or enforce the terms and conditions of the Settlement, until the Effective Date of the Settlement has occurred.

15.     Additionally, the Court hereby prohibits and/or enjoins any other person or counsel from representing or prosecuting any claims on behalf of this Class in any other Court.

Dated: _____, 2023
White Plains, New York

SO ORDERED:

_____
Hon., Lawrence E. Kahn, Senior Judge

6

# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **TREVOR MILLER,** individually and on behalf of all others similarly situated, | Case No. 5:21-cv-1073-LEK-TWD |
| Plaintiff, | Class Action |
| v. | |
| **SYRACUSE UNIVERSITY,** | |
| Defendant. | |

**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT**

Plaintiff Trevor Miller ("Plaintiff"), individually and on behalf of others allegedly similarly situated, and Defendant Syracuse University ("Defendant," or together with Plaintiff, "the Parties"), have moved for final approval of the proposed class action and collective action settlement.

AND NOW, this _____ day of _____, 2024, upon consideration of Plaintiff's Unopposed Motion for Final Collective Action Settlement Approval, the accompanying Memorandum of Law and all exhibits thereto, the representations of counsel during the _____ Final Approval Hearing, and all other papers and proceedings herein, it is hereby ORDERED as follows:

1.      The provisions of the Settlement Agreement, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein;

2.      The settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant; and

3.      The Court entered its Order Preliminarily Approving Settlement and Providing for Notice on _____, said notice has been made, and the Final Fairness Hearing has been held.

NOW, THEREFORE, based upon the Settlement Agreement and all of the filings, records, and proceedings herein, and it appearing to the Court upon examination that the Settlement Agreement is fair, reasonable, and adequate, and upon a settlement Final Fairness Hearing having been held after Notice to the Class of the proposed settlement to determine if the settlement is fair, reasonable, and adequate and whether a Final Judgment of Dismissal with Prejudice ("Final Judgment") should be entered in the Action based upon the terms of the Settlement Agreement.

**THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES:**

1.      The Settlement Agreement is procedurally fair because: 1) the Parties engaged in arm's-length negotiations to reach the proposed settlement; 2) the benefits of the settlement are more than reasonable, considering, *inter alia*, the immediate benefits it provides to the Settlement Class Members and the risks of further litigation;  3) there was sufficient discovery for both sides to evaluate liability and calculate possible damages; 4) the proponents of the settlement are highly experienced and able attorneys who are familiar with class action litigation, including data breach actions of similar size, scope, and complexity; and 5) the Class responded favorably to the proposed settlement;

2.      The Court appoints Trevor Miller as Class Representative;

3.      The Court finally certifies the Class for the reasons set forth in its order preliminarily certifying the Class, and appoints Todd S. Garber and Andrew C. White of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP and Alex Dravillas of Keller Postman, LLC as Class Counsel;

4.      The Court finds that the requested Service Award is reasonable to compensate the Service Award recipient for his service to the Class.  *See, e.g.*, *Moses v. N.Y. Times Co.*, 79 F.4th 235, 253-56 (2d Cir. 2023).  Accordingly, the Court hereby approves payment of a Service Award of $5,000.00 for Plaintiff Trevor Miller;

5.     The Court hereby approves Plaintiff's counsel's request for $295,000 in attorneys' fees and litigation expenses as fully justified in light of the substantial recovery, the hours expended, the reasonable hourly rates charged by Plaintiff's counsel, and the excellent quality of Plaintiff's counsel's work;

6.     The Court hereby approves payment to Postlethwaite & Netterville, APAC, the Settlement Administrator, of $_____ for its work in this litigation;

7.     The Settlement Administrator shall make all required payments pursuant to the Settlement Agreement;

8.     The claims of any Class Member who did not opt-out of the Class are hereby released pursuant to the terms of the Settlement Agreement;

9.     The Clerk shall mark the above-captioned case DISMISSED WITH PREJUDICE; and

10.    Without affecting the finality of this Order, the Court retains jurisdiction for the purposes of enabling the settling Parties to apply to this Court for such further orders or guidance as may be necessary for the construction, modification, or enforcement of the Settlement Agreement or this Final Approval Order and Judgment.

IT IS SO ORDERED on this _____ day of _____, 2024.

_____
Hon., Lawrence E. Kahn, Senior Judge