# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **TREVOR MILLER,** individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>**SYRACUSE UNIVERSITY,**<br><br>    Defendant. | Case No. 5:21-cv-1073-LEK-TWD<br><br>Class Action |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S UNCONTESTED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**THIS CAUSE** is before the Court on Plaintiff's Uncontested Motion for Preliminary Approval of Class Action Settlement. Having considered the Motion, the Settlement Agreement, all materials submitted in support thereof, and the record in this case, and for good cause shown:

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

**Preliminary Approval of Settlement Agreement**

1.     The Court finds for the purposes of preliminary approval, that the proposed settlement in the above-captioned case as set forth in the Parties' Settlement Agreement, is fair, reasonable, adequate, and in the best interest of the Class. The Court further finds that the Settlement was entered into at arm's length by highly experienced counsel providing excellent representation. The Court therefore preliminarily approves the proposed Settlement.

**Class Certification**

2.     Pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3), and for the purposes of this Settlement, the Court conditionally certifies a Class defined as: "All persons who were sent

written notification by Syracuse that their Private Information was potentially compromised as a result of the Data Incident discovered by Syracuse in September 2020."

3.  Pursuant to the Settlement Agreement, and for Settlement purposes only, the Court finds as to the Class that:

    a.  the Class is so numerous that joinder of all members is impracticable;

    b.  there are questions of law or fact common to the Class;

    c.  the claims of the named Plaintiff and proposed Class Representative are typical of the claims of the Class;

    d.  the named Plaintiff and Class Representative and his counsel will fairly and adequately protect the interests of the Class;

    e.  questions of law and fact common to class members predominate over any questions affecting only individual Class members; and,

    f.  a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

4.  The Court appoints Trevor Miller as Representative of the Class.

5.  The Court appoints Todd S. Garber and Andrew C. White of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP and Alex J. Dravillas, of Keller Postman LLC, to act as Class Counsel to the Class.

**Notice To Potential Class Members**

6.  The Court approves the form and content of the Class Notice and approves the Parties' proposal to distribute the Class Notice to the Class as set forth in the Settlement Agreement. The Court finds that the Parties' proposal regarding class notice to potential class members constitutes the best notice practicable under the circumstances, and complies fully with the notice requirements of due process and Fed. R. Civ. P. 23.

**Claims Administration**

7.      The Court approves Postlethwaite & Netterville, APAC as the Settlement Administrator, with the responsibilities set forth in the Settlement Agreement.

8.      Any Class Member may request to be excluded (or "opt-out") from the Class. A Class Member who wishes to opt-out of the Class must give written notice to the Settlement Administrator. Opt-Out requests must be signed by the Class Member who is requesting exclusion and clearly manifest a Person's intent to be excluded from the Settlement Class. Requests for Exclusion that are not timely will be considered invalid and of no effect, and the Class Member who untimely submits a Request for Exclusion will remain a Class Member and will be bound by any Orders entered by the Court, including the Final Approval Order and the Releases contemplated thereby. Except for those Class Members who have properly and timely submitted Requests for Exclusion, all Class Members will be bound by the Settlement Agreement and the Final Approval Order, including the Releases, regardless of whether they file a Claim or receive any monetary relief. Any Class Member who timely and properly submits a Request for Exclusion shall not: (a) be bound by any orders or the Final Approval Order nor by the Releases contained therein; (b) be entitled to any relief under the Settlement Agreement; (c) gain any rights by virtue of the Settlement Agreement; or (d) be entitled to object to any aspect of the Settlement Agreement. Each Person requesting exclusion from the Class must personally sign his or her own individual Request for Exclusion. No Person may opt-out of the Class for any other Class Member, or be opted-out by any other Person, and no Class Member shall be deemed opted-out of the Class through any purported "mass" or "class" opt-outs.

9.      Any Class Member who intends to object to the Settlement must do so by the Objection Deadline. In order to object, the Class Member must file with the Court prior to the Objection Deadline, and provide a copy to Class Counsel and Defendant's Counsel also prior to the

3

Objection Deadline, a document that:

    i.    the objector's full name, address, telephone number, and e-mail address (if any);

    ii.    information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of notice, copy of original notice of the Data Incident);

    iii.    a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable;

    iv.    the identity of any and all counsel representing the objector in connection with the objection;

    v.    a statement as to whether the objector and/or his or her counsel will appear at the Final Fairness Hearing;

    vi.    the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); and

    vii.    a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last three (3) years.

Any Class Member who fails to file and serve timely: (a) a written objection containing all of the information listed in items (i) through (vii) of the previous paragraph; and, (b) notice of his/her intent to appear at the Final Approval Hearing pursuant to this paragraph, shall not be permitted to object to the Settlement and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by any means, including but not limited to an appeal.

Upon the filing of an objection, Class Counsel and Defendant's Counsel may take the deposition of the objecting Class Member pursuant to the Federal Rules of Civil Procedure at an agreed-upon time and location, and to obtain any evidence relevant to the objection. Failure by an objector to make himself or herself available for deposition or comply with expedited discovery may result in the Court striking the objection. The Court may tax the costs of any such discovery to the objector or the objector's counsel if the Court determines that the objection is frivolous or is made for an improper purpose.

**Fairness Hearing**

10. A Fairness Hearing is hereby scheduled to be held before the undersigned on _____, 2024 at \_\_\_\_ am/pm, to consider the fairness, reasonableness and adequacy of the Settlement, the entry of a Final Order and Judgment in the case, any petition for attorneys' fees and costs and Service Awards to named Plaintiff, and any other related matters that are brought to the Court's attention in a timely fashion.

11. Any Class Member who has not filed a Request for Exclusion may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness, and adequacy of the Settlement; provided, however, that no person shall be heard in opposition to the Settlement, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless, in accordance with the deadlines above, such person: (a) timely files with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition to the Settlement, and any documentation in support of such opposition; and (b) timely serves copies of such notice, statement and documentation upon all counsel.

12. The date and time of the Fairness Hearing shall be set forth in the Notice but shall be subject to adjournment by the Court without further notice to the members of the Class other than which may be posted on the Court's Electronic Case Filing (ECF) system and/or the website created pursuant to the Settlement Agreement, as set forth in the Class Notice.

13. If Final Approval of the Settlement is not granted, or if the Settlement is terminated for any reason, the Settlement and all proceedings had in connection therewith shall be without prejudice to the parties' rights and the parties shall return to the *status quo ante*, and all Orders issued pursuant to the Settlement and Preliminary and Final Approval process shall be vacated. In such event, the Settlement Agreement and all negotiations concerning it shall not be used or referred to in

this action (or any other action) for any purpose whatsoever.

**Miscellaneous Relief**

14. The Court hereby stays all proceedings in this Court other than those proceedings necessary to carry out or enforce the terms and conditions of the Settlement, until the Effective Date of the Settlement has occurred.

15. Additionally, the Court hereby prohibits and/or enjoins any other person or counsel from representing or prosecuting any claims on behalf of this Class in any other Court.

Dated: _____, 2023
White Plains, New York

                       SO ORDERED:

                       _____
                       Hon., Lawrence E. Kahn, Senior Judge