## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **TREVOR MILLER,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**SYRACUSE UNIVERSITY,**<br><br>Defendant. | Case No. 5:21-cv-1073-LEK-TWD<br><br>Class Action |

## FINAL APPROVAL ORDER AND JUDGMENT

Plaintiff Trevor Miller ("Plaintiff"), individually and on behalf of others allegedly similarly situated, and Defendant Syracuse University ("Defendant," or together with Plaintiff, "the Parties"), have moved for final approval of the proposed class action and collective action settlement.

AND NOW, this 15th day of May, 2024, upon consideration of Plaintiff's Unopposed Motion for Final Collective Action Settlement Approval, the accompanying Memorandum of Law and all exhibits thereto, the representations of counsel during the May 15, 2024 Final Approval Hearing, and all other papers and proceedings herein, it is hereby ORDERED as follows:

1. The provisions of the Settlement Agreement, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein;

2. The settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant; and

3. The Court entered its Order Preliminarily Approving Settlement and Providing for Notice on December 21, 2023, said notice has been made, and the Final Fairness Hearing has been held.

NOW, THEREFORE, based upon the Settlement Agreement and all of the filings, records, and proceedings herein, and it appearing to the Court upon examination that the Settlement Agreement is fair, reasonable, and adequate, and upon a settlement Final Fairness Hearing having been held after Notice to the Class of the proposed settlement to determine if the settlement is fair, reasonable, and adequate and whether a Final Judgment of Dismissal with Prejudice ("Final Judgment") should be entered in the Action based upon the terms of the Settlement Agreement.

**THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES:**

1. The Settlement Agreement is procedurally fair because: 1) the Parties engaged in arm's-length negotiations to reach the proposed settlement; 2) the benefits of the settlement are more than reasonable, considering, *inter alia*, the immediate benefits it provides to the Settlement Class Members and the risks of further litigation;  3) there was sufficient discovery for both sides to evaluate liability and calculate possible damages; 4) the proponents of the settlement are highly experienced and able attorneys who are familiar with class action litigation, including data breach actions of similar size, scope, and complexity; and 5) the Class responded favorably to the proposed settlement;

2. The Court appoints Trevor Miller as Class Representative;

3. The Court finally certifies the Class for the reasons set forth in its order preliminarily certifying the Class, and appoints Todd S. Garber and Andrew C. White of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP and Alex Dravillas of Keller Postman, LLC as Class Counsel;

4. The Court finds that the requested Service Award is reasonable to compensate the Service Award recipient for his service to the Class.  *See, e.g.*, *Moses v. N.Y. Times Co.*, 79 F.4th 235, 253-56 (2d Cir. 2023).  Accordingly, the Court hereby approves payment of a Service Award of $5,000.00 for Plaintiff Trevor Miller;

5. The Court hereby approves Plaintiff's counsel's request for $295,000 in attorneys' fees and litigation expenses as fully justified in light of the substantial recovery, the hours expended, the reasonable hourly rates charged by Plaintiff's counsel, and the excellent quality of Plaintiff's counsel's work;

6. The Court hereby approves payment to Postlethwaite & Netterville, APAC, the Settlement Administrator, of up to $60,000 for its work in this litigation;

7. The Settlement Administrator shall make all required payments pursuant to the Settlement Agreement;

8. The claims of any Class Member who did not opt-out of the Class are hereby released pursuant to the terms of the Settlement Agreement;

9. The Clerk shall mark the above-captioned case DISMISSED WITH PREJUDICE; and

10. Without affecting the finality of this Order, the Court retains jurisdiction for the purposes of enabling the settling Parties to apply to this Court for such further orders or guidance as may be necessary for the construction, modification, or enforcement of the Settlement Agreement or this Final Approval Order and Judgment.

IT IS SO ORDERED on this 17th day of May, 2024.

_____
Hon., Lawrence E. Kahn, Senior Judge

4861-1724-0471.1